**ELI LILLY AND COMPANY and Dista Products Company, a Division of Eli Lilly and Company, Relators,**

v.

**The Honorable John MARSHALL, Judge, Respondent.**

**No. D–1827.**

Supreme Court of Texas.

Dec. 4, 1991.

Robert G. Hogue, Mark E. Smith, Dallas, Joe C. Freeman, Jr., Atlanta, Ga., Wade C. Smith, Dallas, for relators.

Paul L. Smith, Dallas, for respondent.

DOGGETT, Justice, dissenting in opinion to order granting leave to file petition for writ of mandamus.

Hastily granting a protective order that the trial court refused to issue, a majority of the court not only evidences disregard for the free flow of information, but also provides the Relator at least temporary exemption from compliance with our procedural rules governing appeals and the openness of court records, circumvents the evidentiary requirements applicable to protective orders, and grants relief well beyond any request. While certainly not questioning the authority of this court to issue ancillary orders necessary to the protection of its jurisdiction, I cannot concur in this misuse of that power.

Relator, the pharmaceutical manufacturer of the drug Prozac, is contesting the disclosability, not the discoverability, of the documents involved. Mandamus is supposedly appropriate:

> Because Judge Marshall has refused to rule under Rule 76a, Lilly has no adequate remedy at law to correct Judge Marshall's abuse of discretion or to avoid permanent, irreparable harm, other than mandamus relief from this Court.

Relator's Brief in Support at 23. In the trial court, Relator properly recognized that:

> Lilly's request for an order limiting dissemination or restricting disclosure of

the FDA documents ordered produced by the Court is governed by the provisions of Rule 76a of the Texas Rules of Civil Procedure. See, Rule 166b(5)(c).

Motion for Rule 76a Order and Motion for Stay of Effect of Order at 2, attached as Exhibit F to Brief in Support. In compliance with the requirements of those exclusive vehicles for restricting access, Relator posted public notice of its request for a protective order and filed a verified copy of that notice with the clerk of the Supreme Court. Tex.R.Civ.P. 76a(3).

After a hearing, the trial court signed an "Order Under Rule 76a" that neither granted nor denied relief. Brief in Support, Exhibit G. Despite having sought the ruling from the trial court in order to take an interlocutory appeal under Rule 76a(8), see Relator's Motion for Rule 76a Order and Motion for Stay of Effect of Order at 2, Relator has neither availed itself of that appeal right nor sought under that same provision a direction to the trial court to make additional findings. Relator alternatively could have sought mandamus relief in the court of appeals to compel the trial court to make a definitive ruling under Rule 76a.

While Relator has now sought mandamus, it has done so on the wrong basis. In an extraordinary departure from traditional mandamus standards, Relator has been permitted to bypass these avenues of relief and obtain a protective order directly from this court. With but a swift glance at the Relator's assertions, this court is able to override the discretion of the trial judge, who after careful consideration granted part but not all of the request for protection, see Masinga v. Whittington, 792 S.W.2d 940, 940 (Tex.1990, orig. proceeding) (recognizing discretion accorded to the trial judge by Rule 166b(5)), and to calculate anew, on the limited record before it, whether Relator has adduced facts showing a "particular, specific and demonstrable injury." Id. Relator has cited no precedent that would justify the type of order rendered today.

Perhaps even more surprising is the grant of relief beyond any requested. This

court's order applies to all documents covered by the trial court's order granting the plaintiffs' motion to compel. Although Relator's Motion for Temporary Relief facially seeks protection of all of the documents, its brief appears to be more limited, describing only the following materials as posing harm if disclosed:

> safety and effectiveness data that Lilly submitted to the FDA in support of the manufacturing, testing, and marketing Prozac. The specific types of information include chemistry analyses, preclinical studies, pharmacology, toxicology, and clinical studies, evaluation of safety and effectiveness data, names of physicians and reporters reporting adverse reactions, proposed labels and labeling, a full list of components of the drug, samples of the drug and articles used as components, full reports of preclinical investigations that have been made to show whether or not the drug is safe and effective in use, a complete list of all investigators, full reports of clinical investigations that have been made to show whether the drug is safe and effective, non-clinical laboratory studies, and statements concerning the conduct of the clinical investigations.

Relator's Brief in Support at 23–24 (footnote omitted). Not having been supplied with the documents at issue, nor with any more particularized log, there is no way for this court to ascertain whether the assertions of harm apply to all or to some. Improperly applying a presumption of secrecy, the court's blanket protective order applies to all.

Although granting of a motion for leave to file a petition for writ of mandamus and issuing a stay to permit time for a response can frequently be helpful in evaluating the merits of the right to relief, nothing is served in this case by delay where our procedural rules clearly indicate an available remedy. I would overrule Relator's motion with a notation citing the applicable appellate provision of Rule 76a, allowing Relator to pursue in a timely manner any legitimate objections it may have in the appropriate forum. After receipt of a response to the petition and upon a more considered review, the court may and should reach this ultimate result. When, however, public access is limited without careful reflection, it is essential to object rather than trusting to eventual correction.

MAUZY, J., joins in this dissent.