**Kym FOX, Appellant,**

v.

**ANONYMOUS, Individually and on Behalf of Anonymous Minor Child, Anonymous Health Care Facility, Anonymous Employee, and Guardian Ad Litem, Solomon Casseb, Jr., Appellees.**

No. 04–93–00155–CV.

Court of Appeals of Texas, San Antonio.

Nov. 24, 1993.

Rehearing Denied Jan. 10, 1994.

Solomon Casseb, Jr., James M. Pearl, Casseb & Pearl, Inc., Mark J. Cannan, Lang, Ladon, Green, Coghlan & Fisher, P.C., San Antonio, for appellant.

Robert B. Biechlin, Jr., Thornton, Summers, Biechlin, Dunham & Brown, Inc., Richard Tinsman, Bernard Wm. Fischman, Tinsman & Houser, Inc., San Antonio, for appellees.

Before CHAPA, C.J. and BUTTS and RICKOFF, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from an order granting the guardian ad litem's motion to seal court records pursuant to rule 76a of the Texas Rules of Civil Procedure. Appellant, Kym Fox, intervened in the record sealing proceedings but her motions to strike were overruled.[1] Ms. Fox contends the trial court committed procedural and evidentiary errors in granting the motion to seal. We affirm in part and reverse in part the order of the trial court.

In September of 1992, a "friendly suit" was filed on behalf of Anonymous Individual, Individually, and as Next Friend of Anonymous Minor Child against Anonymous Health Care Facility and Anonymous Employee to implement the settlement of a minor's tort claims against a health care facility and its insurers. The minor had been an in-patient at a psychiatric hospital and was sexually assaulted by an AIDS-infected counselor employed by the hospital. A guardian ad litem was appointed to represent the interests of the minor child.

Prior to the hearing approving the settlement,[2] the plaintiffs' attorney filed a motion to seal the court records pursuant to rule 76a. A temporary sealing order was issued which listed the documents sought to be sealed as: (1) the application for the establishment of a trust, (2) the order creating the trust agreement, (3) the trust agreement, and (4) the friendly suit judgment awarding the minor plaintiff the settlement funds. The order further required that the movant give public notice, and the order set the hearing for October 28, 1992.

On October 27, 1992, Ms. Fox intervened. In her motion, Ms. Fox asked the court to withdraw the temporary sealing order because: (1) it was not issued upon "a party's written motion," but rather upon the motion of an attorney; (2) the order did not require nor was there a notice posted indicating the identity of the movant; and (3) the order did not require and there was not a filing of a verified copy of the posted notice with the Clerk of the Supreme Court of Texas. At the call of the case the next day, the attorney for the plaintiffs announced not ready because of the intervention, and the hearing was continued until November 17, 1992. Two days after the continuance was granted, plaintiffs filed an amended motion to seal the court records. Seven days prior to the scheduled hearing, intervenor again filed a motion to dissolve the temporary sealing order claiming that: (1) the final order of the court, encompassed in the judgment, was included in the matters to be sealed which is in direct violation of rule 76a; (2) the petition did not identify the parties; (3) the motion before the court was filed by the attorney for the plaintiff despite the fact that rule 76a states that the records may be sealed upon the motion of a party; and (4) the notice given was not specific enough to provide meaningful public notice.

The hearing was held as scheduled on November 17. The court heard testimony from Ms. Fox and the first assistant Bexar

---

1. Although Ms. Fox is a reporter for the San Antonio Express–News and covers the judicial proceedings in Bexar County as part of her regular beat, the interventions were filed on her individual behalf.

2. The settlement and trust were approved by the court in an October 14, 1992, hearing.

County District Attorney, Mr. Dennis McKnight. Ms. Fox testified about her concern, both as a citizen and journalist, in monitoring the records of the Bexar County trial courts. Mr. McKnight described the policies of the district attorney's office in protecting the identities of sexual assault victims.[3] Thereafter, the court found that rule 76a had not been complied with but noticed that the guardian ad litem representing the minor had not been present at the hearing. The court gave the guardian thirty days to file any request he may have under rule 76a to seal the records. The court also continued the sealing order in effect until such time as the ad litem made a motion. The court advised both sides that if no motion was made, the information would be released.

The guardian ad litem filed a motion to seal court records. In his motion he sought to protect the identity of the minor victim as well as the provisions of the settlement and trust agreement. The guardian stated that a specific, serious and substantial interest in sealing a portion of the records clearly outweighed the presumption of openness and no less restrictive means existed to adequately and effectively protect the specific interests of the minor other than sealing the records. The hearing was set for January 29, 1993. Prior to the hearing, Ms. Fox filed her motion to strike the guardian ad litem's motion to seal the court records. She asserted that the motion sought a rehearing of matters previously considered by the court by a party who had actual notice of the prior hearing and there was no allegation of materially changed circumstances. She also asserted that the motion was not the motion of an identified party to the underlying cause of action, and there was no notice which set out the specific information required for adequate and meaningful notice to the general public.

At the January hearing, the guardian ad litem called Dr. Harry Croft, a prominent psychiatrist, to testify. Dr. Croft testified that he assisted the guardian ad litem in this matter by interviewing the minor's parents, talking to a number of the minor's treating physicians, and reviewing the minor's records from previous treatments. Upon completing his review of the case, Dr. Croft advised the guardian as to the best treatment for the minor in terms of changing treatment facilities. Dr. Croft then reinterviewed the parents, talked to the treating physicians at the hospital where the minor was currently being treated, and talked to the minor. Based on these conferences, Dr. Croft testified that as a result of the incident, the minor stopped trusting adults, and his negative behavior escalated in terms of having to be physically restrained.

Dr. Croft also testified that the minor has been diagnosed as having oppositional defiance disorder, behavior discontrol problem. The doctor stated that the minor was not just the typical young person with behavior problems but was a "real disturbed adolescent." The minor's psychiatric problems before the incident have been compounded by the incident, and his course since that time has been marked by ups and downs. The minor has had trouble controlling his thoughts and impulses and prior to the incident, had engaged in suicidal gestures and behavior. In Dr. Croft's view, if the facts and circumstances surrounding the incident became known to the public, it could be devastating to the minor especially if it made the minor the brunt of ridicule by his peers.

Dr. Croft also opined that he did not think the minor could handle his business affairs or money very well. Dr. Croft stated "I think that this young man is a set up. He is so needy that I think he is a setup for people to take advantage of him." The doctor expressed concern that if the terms of the settlement are made known, the minor's progress and treatment might be disturbed.

---

3. Mr. McKnight was asked about article 57.02 of the Texas Code of Criminal Procedure. This article provides that the "Sexual Assault Prevention and Crisis Services Program of the Texas Department of Health shall develop and distribute to all law enforcement agencies of the state a pseudonym form to record the name, address, telephone number, and pseudonym of a victim." TEX.CODE CRIM.PROC.ANN. art. 57.02 (Vernon Supp.1993). The article also provides that a victim may choose to use a pseudonym to designate himself in all public files and records concerning the offense. Mr. McKnight testified that the responsibility rested on the law enforcement agency to inform the victim of the availability of the form and to provide the form to the victim.

Ms. Fox also testified at the hearing. She stated that based on something she saw on the district clerk's computer screen, a criminal indictment handed down in March of 1992, and the stories surrounding that criminal case, she knew the identity of the anonymous minor. Several attempts were made to confirm the identity of the minor, but the guardian and the trial judge refused to allow the minor's name to be revealed in open court. The court then made the following ruling:

I am going to order that the names of the parents and/or stepparent. The name of the trustee and the person signing for the trustee be redacted from the judgment, the trust and the motion to create the trust and I am going to further order the district clerk to redact the name of the minor from the computer records maintained by the district clerk and those will be sealed as to that.

\* \* \* \* \* \*

I am going to seal the terms of the judgment itself, the amounts that are due to the minor.

Following the court's ruling, the guardian ad litem asked the court to temporarily seal the records until the parties could enter a judgment nunc pro tunc essentially accomplishing what the court pronounced. The court responded that the records would remain sealed pending appellate review.

In her appeal, Ms. Fox brings forth twenty points of error. The first twelve points involve procedural errors, and the remaining eight points challenge the sufficiency of the evidence. Many of the procedural errors alleged involve the temporary orders of October 9, 1992, and December 3, 1992. The appellees contend that any errors relating to the temporary orders are moot because Ms. Fox failed to appeal them. We agree.

■ Paragraph 8 of rule 76a provides that any order or portion of an order relating to sealing court records is deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing which preceded the issuance of the order. Ms. Fox did not participate in the October 9

hearing and thus, has no standing to challenge that order. Furthermore, she may not challenge the December 3 order because she failed to appeal it. Therefore, points of error 1, 2, 4–6, 8, 9, 11, and 12, which challenge these preliminary orders are overruled.

In her three remaining procedural points, points of error 3, 7, and 10, Ms. Fox complains of errors in the court's order of February 11, 1993. She contends the court erred in improperly sealing the judgment and/or other orders concerning the trust and terms of compensation to the guardian ad litem and trustee, in entering an order sealing the records without the motion of a "party," and in sealing the records without a meaningful notice identifying the party movant with a specific description concerning the nature of the case.

■ Rule 76a(1) provides that "[n]o court order or opinion issued in the adjudication of a case may be sealed." Although the appellees filed a judgment labeled "judgment nunc pro tunc," this judgment merely redacts the portions of the judgment ordered sealed by the trial judge. Otherwise, the judgment is not sealed. However, the order concerning the creation of a trust was completely sealed. We hold, therefore, that it was error to seal the order creating the trust because it is an order issued in the adjudication of a case pursuant to the rule. The order creating the trust should be unsealed with the appropriate provisions redacted in accordance with the sealing order. Point of error three is overruled in part and sustained in part. Therefore, if the appellees have met the balancing test of rule 76a(1), which will be discussed later, it was proper to seal portions of the judgment and order.

■ In point of error 7, Ms. Fox complains that the court erred in entering orders sealing records in the absence of the required motion of a party. The motions to seal were filed by the appellees' attorney and the guardian ad litem. No doubt or question existed but that the motions were filed by the attorney on behalf of his clients. Furthermore, the guardian ad litem's motion was made on behalf of the minor child. These motions were sufficient because they were

made by the attorney and/or guardian on behalf of their clients or ward. *See* TEX. R.CIV.P. 7, 44, 173.

■ In point of error 10, Ms. Fox complains that the records were sealed without meaningful notice identifying the party movant with a specific description of the nature of the case. Rule 76a(3) requires that the movant post a public notice stating that a hearing will be held in open court on a motion to seal court records in the specific case; that any person may intervene and be heard concerning the sealing of court records; the specific time and place of the hearing; the style and number of the case; a brief but specific description of both the nature of the case and the records which are sought to be sealed; and the identity of the movant.

In reviewing the guardian ad litem's public notice of the motion to seal, we note that all the requirements of the rule were met. The public notice referenced the attached guardian ad litem's motion to seal court records which provided that the movant was the guardian ad litem for the minor plaintiff. Furthermore the motion stated:

> Movant is seeking to protect the identity of the minor victim of sexual abuse that occurred, as well as the provisions of the settlement and trust entered into.

The motion further explained that the sealing of the records was necessary to preserve the minor's interests. We find that the notices given were sufficient to provide meaningful notice while protecting the identity of the minor plaintiff.[4] Ms. Fox had notice of and participated, personally or through counsel, in each hearing from the time of her intervention. She cannot complaint that she was harmed by insufficient notice. *Lassiter v. Bliss,* 559 S.W.2d 353, 359 (Tex.1977), *overruled on other grounds by Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768 (Tex. 1989) (overruled requirement of separate presentment of initial request for findings and conclusions).

The quintessence of Fox's procedural arguments is that the minor, and any other sexual assault victim, cannot obtain a sealing order concealing their identities without first disclosing the very information sought to be sealed. Furthermore, Ms. Fox claims that the motion to seal may only be made by the party, and the rule mandates that no word in the judgment, including the names of the parties may be redacted.

■ Rule 76a cannot be read to mandate such disclosure. Once privileged matters are voluntarily disclosed, the privileged is waived. *Jordan v. Court of Appeals,* 701 S.W.2d 644, 649 (Tex.1985). Both the United States and Texas Constitutions protect the individual's right of privacy. *See Griswold v. Connecticut,* 381 U.S. 479, 485, 85 S.Ct. 1678, 1682, 14 L.Ed.2d 510 (1965); *Texas State Employees Union v. Texas Dep't of Mental Health & Mental Retardation,* 746 S.W.2d 203, 205 (Tex.1987). The Texas Supreme Court has also recognized the right of privacy as "the right of an individual to be left alone, to live a life of seclusion, to be free from unwarranted publicity." *Billings v. Atkinson,* 489 S.W.2d 858, 859 (Tex.1973). A right of privacy may exist in protecting employment records, financial information, lists of group members, medical records, and victims of sexual assault. Lloyd Doggett & Michael J. Mucchetti, *Public Access to Public Courts: Discouraging Secrecy in the Public Interest,* 69 TEX.L.REV. 643, 671–73 (1991). In fact, an earlier version of rule 76a specified privacy rights, constitutional rights, trade secrets, and a sexual assault victim's identity as four protected interests. *Id.* at 668 n. 117. The rule advisory committee rejected this approach in order to encourage courts to apply the balancing test rather than simply authorizing secrecy for any document that fell within one of the specified categories. *Id.* However, these vital interests may be protected from disclosure by rule 76a if the balancing test is met. Points of error seven and ten are overruled.

---

4. The notice must provide a particularized description and must explain why the sealing is sought and what type of records are involved without jeopardizing the alleged secret. Lloyd Doggett & Michael J. Mucchetti, *Public Access to*

*Public Courts: Discouraging Secrecy in the Public Interest,* 69 TEX.L.REV. 643, 679 (1991). An insufficient notice would be one that merely indicated that "confidential business information" was sought to be sealed. *Id.*

In points of error fourteen through twenty, Ms. Fox attacks the evidentiary presentation by appellees.[5] She contends that there was no evidence or insufficient evidence indicating a specific, serious and substantial interest to support the sealing, to support the redacting of the name of the minor plaintiff and the names of the minor's parents, to support the redacting of the trustee's name and the name of the person signing for the trustee, and to support sealing the conditions of the plaintiffs' recovery. She also contends the court erred in excluding or disregarding evidence concerning the disclosure of the minor's identity in other court proceedings and in holding that the minor child had a privacy interest in the confidentiality of his name that was a specific, serious and substantial interest to warrant the sealing of the records.

▮ Rule 76a begins with the premise that court records are "presumed to be open to the general public." TEX.R.CIV.P. 76a(1). Court records may only be sealed upon a showing of:

(a) a specific, serious and substantial interest which clearly outweighs:

(1) this presumption of openness;

(2) any probable adverse effect that sealing will have upon the general public health or safety;

(b) no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted.

*Id.* The burden of proof is on the movant to establish by a preponderance of the evidence each of the required showings. *Upjohn v. Freeman*, 847 S.W.2d 589, 591 (Tex.App.— Dallas 1992, no writ); Lloyd Doggett & Michael J. Mucchetti, *Public Access to Public Courts: Discouraging Secrecy in the Public Interest*, 69 TEX.L.REV. 643, 655–56 (1991);

*see* TEX.R.CIV.P. 76a(4) (issuance of temporary order does not reduce burden of proof of party requesting sealing at hearing). Although some courts have reviewed a sealing case using an abuse of discretion standard, we will review the trial court's decision to seal the court records under the legal and factual sufficiency standards. Lloyd Doggett & Michael J. Mucchetti, *Public Access to Public Courts: Discouraging Secrecy in the Public Interest*, 69 TEX.L.REV. 643, 683 (1991). It would be considerably more difficult to exercise appellate review if the only issue presented concerned whether the trial court abused its discretion. *Id.* The rule delineates clear standards for sealing records rather than allowing the trial court to exercise its discretion, and therefore, we must determine whether the appellees met their burden under the sufficiency of the evidence standards.[6]

▮ After reviewing the record before us, we find that the nondisclosure of the names of the plaintiffs will not have an adverse effect on the public health and safety. This is not a case, for example, in which information concerning an allegedly defective or harmful product is being withheld. *See, e.g., Chandler v. Hyundai Motor Co.*, 829 S.W.2d 774, 775 (Tex.1992) (protective order sought to prevent dissemination of documents relating to design and manufacture of seat belt system); *Eli Lilly & Co. v. Marshall*, 829 S.W.2d 156, 156–57 (Tex.1991) (request to limit dissemination or restrict disclosure of FDA documents concerning Prozac); *Upjohn*, 847 S.W.2d at 590 (request to limit disclosure of documents about drug Halcion). The public will be informed that a sexual assault occurred at a particular psychiatric hospital without revealing the victim's name.

---

5. In point of error thirteen Ms. Fox contends there was no evidence or insufficient evidence to support any sealing of records in its order of December 3, 1992. As previously stated, Ms. Fox may not challenge the December 3 order because she failed to appeal it. Point of error thirteen is overruled.

6. In reviewing a legal insufficiency point, in this case a no evidence point of error, we consider only the evidence and inferences that support the challenged finding, and we disregard all evidence and inferences to the contrary. *Davis v.*

*City of San Antonio*, 752 S.W.2d 518, 522 (Tex. 1988). The finding must be upheld and the point of error overruled if there is any evidence of probative force to support the finding. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). In considering a factual insufficiency point, in this case a insufficient evidence point of error, we consider and weigh all the evidence and reverse for a new trial only if the challenged finding is so against the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

Thus, the sealing will not affect the public health. Moreover, there is no less restrictive means than merely redacting the names of the plaintiffs from the judgment and order creating the trust that will adequately and effectively protect the specific interest asserted. Having satisfied these two requirements, we are left to determine whether a specific, serious and substantial interest in sealing the records clearly outweighs the presumption of openness.

■ The specific, serious and substantial interest asserted by the minor plaintiff is the right to privacy—specifically, the right of a sexual assault victim to conceal his identity. The need to conceal the identity and the terms of the settlement are important in this case because of the minor's severe emotional problems and the risks associated with his rehabilitation and treatment. Ms. Fox contends that the minor waived his right to privacy because his name appears in a criminal indictment, his name was uttered at the November 17th hearing, and his name appeared on the district clerk's computer screen.

We do not find that the minor waived his right to privacy. The case before us concerns a civil suit in which the plaintiffs, from the very inception of the case, sought to protect their identities and their right to privacy as is evidenced by the style of their petition: Anonymous, Individually and on behalf of Anonymous Minor Child. At the November 17th hearing, the name which appeared in a criminal indictment was brought up during the questioning of Mr. McKnight in a discussion concerning a form which victims may fill out requesting the use of a pseudonym. In that context the question was posed:

Q: Let's talk about Mr. O___; he wasn't the victim of a homicide. He was the victim of sexual abuse. And did you call the section of the police department that doesn't cover homicide, that covers sexual abuse of minor victims that live?

A: Yeah. Sure did. That's the homicide office of the police department.

Q: Obviously in this case they did not have him fill out one, did they?

A: I don't know. Who is Mr. O___.

Q: You know and I know that Mr. O___ is the one that is the victim abused in the criminal indictments which is 92–CR–1897 which was the subject of a Court of Civil Appeals Mandamus Case against your office?

Both of these references refer to a criminal case which is not the case sought to be sealed. The case before us concerns a minor suing a hospital for liability under tort law. The identity of the minor has been concealed to the best of the plaintiffs' ability except for speculation by Ms. Fox based on her ability to put two and two together. Furthermore, whatever was revealed on the district clerk's computer screen concerning this case was certainly not the result of a voluntary action by the minor, and in granting the sealing order, the judge specifically ordered it to be redacted from the district clerk's computer.

Another factor which must be given consideration in the balancing process is the involuntary nature into which the minor and his parents found themselves entering the judicial system. If the victim had been an adult, he would have been able to reach a settlement without the supervision of the court. The matter would have remained a purely private one between the victim and the assailant's employer, the hospital. However, because the minor could not sign a release, a friendly suit was required to enable the guardian ad litem and the judge to scrutinize and approve the proposed settlement in order to protect the minor's interests.[7]

Rule 76a requires the balancing of "the needs of the public against the asserted interest of the party seeking secrecy." Lloyd Doggett & Michael J. Mucchetti, *Public Access to Public Courts: Discouraging Secrecy in the Public Interest,* 69 TEX.L.REV. 643, 656 (1991). In cases like the one before us, it is the victim's minority which prevents the case from remaining purely private. The presumption of openness and the public's need

---

**7.** At the November 17th hearing, the parties stipulated that the case was settled prior to any lawsuit being filed and the only reason the law-

suit was filed was because the plaintiff was a minor and it was necessary to proceed with a friendly suit in order to finalize the settlement.

to know do not outweigh the victim's compelling need in maintaining his privacy when the evidence indicates that disclosure would cause irreparable harm. In the context of recognizing that a newspaper can print anything it chooses to print and that the first amendment prohibits the imposition of any prior restraint, the supreme court noted that the right to obtain information which invades the zone of disclosural privacy does not automatically follow.

> The individual does not forfeit all right to control access to intimate facts concerning his personal life merely because the State has a legitimate interest in obtaining that information. Just as the State's intrusion into the individual's zones of privacy must be carefully limited, so must the State's right to reveal private information be closely scrutinized as well.

*Industrial Foundation v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 679 (Tex.1976),[8] *cert. denied*, 430 U.S. 931, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977). Likewise, the minor may not have forfeited all right to control access to intimate facts concerning his personal life merely because the public has some interest in obtaining that information.

In performing the balancing test, the court may use the procedures outlined by rule 120a of the Texas Rules of Civil Procedure. Under this rule the court may base its determination on the "pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony." TEX.R.CIV.P. 120a(3). Given the evidence presented by Dr. Croft, the presumption of openness and the public's need to know do not outweigh the victim's compelling interest in maintaining his privacy especially when considering the possibilities of irreparable damage to the emotional and physical well-being of the minor. The court reviewed the pleadings, the affidavits by plaintiffs' attorney, and heard the testimony. The court determined that the harm resulting to the minor and his family clearly outweighed the public interest

in learning their identities and the terms of the minor's settlement. We hold that the evidence was both legally and factually sufficient to support the court's judgment concerning the sealing of the plaintiffs' identities and the terms of the minor's settlement. However, we did not find any evidence concerning the need to seal the name of the trustee, the name of the person signing for the trustee, the amount recovered by the minor's parents, or the amount of attorney's fees paid.

Accordingly, the judgment is affirmed in part as to the redacting of the minor's name, his parents' names, and the terms of the minor's settlement from the judgment. The sealing of the remainder of the court records except the order creating the trust is also affirmed. The judgment is reversed as to the complete sealing of the order creating the trust. The minor's name, his parents' names, and the terms of the minor's settlement shall be redacted prior to unsealing the order creating the trust. The name of the trustee, the person signing on behalf of the trustee, the amount awarded to the victim's parents, and the amount of attorney's fees shall also be unsealed from both documents.

---

**8.** It has been suggested by several commentators that the right of privacy has two meanings. The first being the ability of persons to determine for themselves whether to perform certain acts or undergo certain experiences. The second being "the ability of individuals 'to determine for themselves when, how, and to what extent information about them is communicated to others'—the right to control information, or *disclosural privacy*." *Industrial Foundation*, 540 S.W.2d at 679.