Amy BOARDMAN, Appellant,

v.

ELM BLOCK DEVELOPMENT LIMITED PARTNERSHIP and Hughes & Luce, Appellees.

No. 11–93–119–CV.

Court of Appeals of Texas, Eastland.

Feb. 17, 1994.

Charles L. Babcock, Timothy E. Taylor, Frank C. Vecella, Jackson & Walker, Dallas, for appellant.

William A. Brewer, III, John W. Bickel, II, Eric G. Calhoun, Bickel & Brewer, Fletcher L. Yarbrough, Tim Gavin, Rebecca P. Adams, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellees.

OPINION

DICKENSON, Justice.

Amy Boardman, a newspaper reporter,[1] brings this appeal under TEX.R.CIV.P. 76a. Boardman intervened in the underlying suit between Elm Block Development Limited Partnership (plaintiff) and Hughes & Luce, a limited liability partnership (defendant).

Plaintiff owns a large office building in downtown Dallas, and defendant leased floors 26 through 32 of that building under a lease which requires substantial rent payments through October 31, 2002. Defendant had been attempting to renegotiate the terms of that lease because its rental payments were much higher than the current market value of similar leased property. Defendant

---

4. *See* Tex.Educ.Code § 13.035 (1991); 19 Tex.Admin.Code § 141.481 (West 1992) (Texas Education Agency, Teacher Certification).

1. She works for *Texas Lawyer*, a weekly newspaper which circulates throughout the State of Texas.

notified plaintiff that it had signed a letter of intent to lease other property. Plaintiff filed the underlying lawsuit on May 10, 1993, and at the same time filed a motion to seal the record in the case because of "sensitive matters" set forth in its petition. On May 11, the trial court entered a temporary sealing order.

Boardman filed her plea in intervention on May 13 and sought to "unseal" these court records. Two hearings were held in this case. The hearing under Rule 76a(5) was held on May 27, and the hearing under Rule 76a(4) was held on June 4. Attorneys for plaintiff, defendant, and intervenor attended each of the hearings. After the May 27 hearing, the trial court signed a temporary sealing order which "unsealed" a substantial portion of the landlord's original petition but left the remainder of that petition under seal until the hearing which was set for June 4. After the June 4 hearing, the trial court signed an order which made it clear that only those portions of the petition which were currently under seal would be sealed [2] but that those portions would remain sealed until June 4, 2003, "or until further order of this Court." Intervenor appeals. We affirm in part, and we reverse in part and render.[3]

### Points of Error

Intervenor has briefed thirteen points of error. Point One is dispositive, and it reads as shown:

The trial court erred in sealing portions of Plaintiff's Original Petition in violation of Texas Rule of Civil Procedure 76a; Article 1, Section 8 of the Texas Constitution; the First Amendment to the United States Constitution; and the common law right of access.

We sustain this point of error insofar as it alleges a violation of Rule 76a. We need not discuss the constitutional law arguments under either constitution, and we do not need to

address the "common law" right of access to public records. The other twelve points of error are moot, and they need not be discussed.

### The Sealing Order

The trial court signed a sealing order on June 4, 1993, which has been challenged by intervenor's appeal. In that order, the trial court found:

■ [T]hat *the litigants are involved in settlement negotiations that, in all likelihood, will be jeopardized if portions of the pleadings are unsealed;* and

■ that competing law firms could use the information as presented in the sealed pleading to their advantage in competing with Hughes & Luce, L.L.P., for existing and future clients. (Emphasis added) [4]

The trial court also found that "the matters at issue in this case do not implicate the general public health or safety." The trial court then ordered that plaintiff's amended verified motion to seal court records was granted in part and denied in part, specifically providing:

[T]hat the Plaintiff's Original Petition be unsealed, with the exception of those portions of the pleading which have already been placed under seal [Paragraphs 1, 19–22, 24–26, 31, 33–43; Counts 2 and 3; and Sections 2 and 3 of the Request for Relief]. These [portions of the petition] will remain sealed for ten years from the date hereof or until further order of this Court.

### Standards of Review

In 1989, the Texas Legislature enacted TEX.GOV'T CODE ANN. § 22.010 (Vernon Supp.1994), directing the Supreme Court to adopt rules "establishing guidelines for the courts of this state to use" in determining whether the records in a civil case, including settlements, should be sealed. In compliance

---

**2.** The trial court's order does not protect any other pleadings or discovery matters which may be filed or created in connection with the underlying case.

**3.** This appeal was transferred from the Dallas Court of Appeals to this court pursuant to TEX. GOV'T CODE ANN. § 73.001 (Vernon 1988).

**4.** This court was notified after oral arguments in this appeal that plaintiff and defendant have now settled the underlying lawsuit and that "all claims asserted or which could have been asserted" will be dismissed with prejudice.

with that statute, the Supreme Court adopted Rule 76a. That rule states the heavy burdens which a movant must satisfy in order to secure an order sealing court records. The rule starts with a presumption that court records are open to the general public. The definition of court records includes "documents of any nature filed" with any civil court subject to three exceptions, none of which apply to this appeal. Consequently, the entirety of plaintiff's original petition is presumptively open to the public unless appellees made a sufficient showing to the trial court of the following:

(a) a specific, serious and substantial interest which *clearly outweighs:*

(1) this presumption of openness;

(2) any probable adverse effect that sealing will have upon the general public health or safety;

(b) no less restrictive means than sealing records will adequately and effectively protect the specific interest asserted. (Emphasis added)

We agree with the trial court that there was no showing of any probable adverse effect upon the general public health or safety. The sealed portions of the pleading relate only to plaintiff's version of defendant's "strong-arm" settlement tactics. Those allegations would have no adverse effect on the general public health or safety.

We need not decide whether there was any error as to the temporary sealing of the pleading during the then-pending settlement negotiations. That matter is now moot.

We are left to decide whether the trial court abused its discretion[5] in sealing portions of plaintiff's petition after the settlement negotiations were concluded. If the record does not show "a specific, serious and substantial interest which clearly outweighs this presumption of openness," we must find that the trial court abused its discretion in sealing this court record.

Rule 76a(4) provides that the court may inspect records in camera when necessary. The trial court did not err in reviewing the petition in camera, and this court has also reviewed the sealed portions of that pleading in passing upon the trial court's exercise of its discretion.[6]

Rule 76a provides that the trial court may determine motions to seal court records "in accordance with the procedures prescribed by [TEX.R.CIV.P.] 120a." Paragraph 3 of that rule provides that the court can make its determination:

[O]n the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony. The affidavits, if any, shall be served at least seven days before the hearing, shall be made on personal knowledge, *shall set forth specific facts* as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify. (Emphasis added)

We note that one of the affidavits[7] considered by the trial court was not filed seven days prior to the hearing; however, the court offered to recess the hearing to give intervenor time to respond to those allegations. We will assume, without deciding, that the trial court did not abuse its discretion in considering this affidavit. Even so, we find that the affidavit did not set forth "specific facts" which would show the "specific, serious and substantial interest" which is required under Rule 76a in order to outweigh the "presumption of openness." After a careful review of

---

5. Compare *Upjohn Company v. Freeman*, 847 S.W.2d 589 at 590 (Tex.App.—Dallas 1992, no writ), and *Dunshie v. General Motors Corporation*, 822 S.W.2d 345 at 347 (Tex.App.—Beaumont 1992, no writ), with *Fox v. Anonymous*, 869 S.W.2d 499 (Tex.App.—San Antonio, 1993) (not yet published). We agree with the Dallas and Beaumont Courts that the "abuse of discretion" standard applies to appellate review of trial court sealing orders under Rule 76a.

6. We have not set forth the "sensitive matters" set forth in plaintiff's original petition because

the appeal must not be made moot before the Supreme Court has an opportunity to consider any application for writ of error which may be filed.

7. The other affidavit was filed in connection with the temporary sealing order under Rule 76a(5), and it did not address the issue of competing law firms using information to their advantage in competing with defendant for clients.

all of the materials which the trial court considered (all pleadings, all affidavits, and the statements of facts from both hearings), we hold that the trial court abused its discretion in sealing the court records longer than the duration of the settlement negotiations. There is no competent evidence to support the second finding stated in the sealing order, and the settlement of the underlying lawsuit moots the first finding stated in the sealing order.

### Ruling of this Court

The judgment of the trial court is affirmed as moot insofar as it sealed portions of plaintiff's original petition during the settlement negotiations, and the judgment of the trial court is reversed insofar as it keeps those portions of plaintiff's original petition under seal at the present time. This court renders judgment that the motion to seal records is denied (after completion of settlement negotiations).