IN THE
TENTH COURT OF APPEALS


No. 10-15-00346-CV

MATTHEW S. BOVEE,

Appellant

v.

HOUSTON PRESS LLP, MARGARET
DOWNING, DIANNA WRAY, PETER
RYAN, DALLAS OBSERVER, LLP, KXAN,
DAWN DENNY, PATRICK WILLIAMS,
MEDIA GENERAL INC., VOICE MEDIA
GROUP, DOES 1 THROUGH 5, AND JANE DOE,

Appellees

From the 249th District Court
Johnson County, Texas
Trial Court No. DC-C201500272

## MEMORANDUM OPINION

Matthew S. Bovee appeals the trial court's order pursuant to a Rule 76a motion to seal court records. Because the trial court did not err in implicitly overruling Bovee's motion for a bench warrant, did not err in reviewing documents *in camera*, and did not

abuse its discretion in rendering the order, we affirm the trial court's order.

## BACKGROUND

Bovee, a prison inmate, sued Johnny Doe's mother and others alleging they conspired to publish defamatory news articles about Bovee. The articles pertained to Bovee's criminal actions, particularly sexual abuse of Johnny, at a summer camp. Johnny and his family's true identities were not disclosed in the articles. However, Bovee included Johnny's and Johnny's family's names in Bovee's civil pleadings. Johnny, as a non-party, filed a motion to seal court records to protect his anonymity and emotional well-being. After a hearing, the trial court issued an order redacting from all pleadings filed in the case Johnny's name and the name of any person if the use of that person's name would tend to identify Johnny and prohibiting the filing of future pleadings which use Johnny's name or the name of any person if the use of that person's name would tend to identify Johnny.

## BENCH WARRANT

Because it could be dispositive of this case, we address Bovee's fifth issue first. In that issue, Bovee complains that the trial court erred in denying Bovee's motion for a bench warrant to be present at the hearing on Johnny Doe's motion to seal records. The motion to seal was filed on July 30, 2015, and a temporary order was signed on July 31, 2015. A hearing was set for August 28, 2015. Bovee's motion for a bench warrant was filed on August 17, 2015. Bovee's reason for requesting the bench warrant was "so that I

may give testimony and oppose the Motion [to Seal]." Based on the record before us, we cannot tell that the trial court expressly ruled on Bovee's motion. Bovee, however, appeared at the hearing by telephone.[1] Thus, by proceeding with the hearing without issuing the bench warrant, and if the motion was timely called to the attention of the trial court, the trial court impliedly overruled Bovee's motion. *See* TEX. R. APP. P. 33.1(a)(2)(A). From the record before us, we cannot tell if the motion was timely called to the trial court's attention. We will assume without deciding, however, that it was and proceed to address the merits of the implied ruling.

Litigants cannot be denied access to the courts simply because they are inmates. *See Hudson v. Palmer*, 468 U.S. 517, 523, 82 L. Ed. 2d 393, 104 S. Ct. 3194 (1984). However, an inmate does not have an absolute right to appear in person in every court proceeding. *In the Interest of Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). Instead, the inmate's right of access to the courts must be weighed against the protection of our correctional system's integrity. *Id*. Consequently, a prisoner requesting a bench warrant must justify the need for his presence. *Id*. A trial court has no independent duty to inquire into 1) relevant facts not provided by the inmate, or 2) the necessity of an inmate's appearance. *See id*. at 166.

Bovee's request for a bench warrant stated no basis for why his appearance in

---

[1] It appears from the reporter's record that Bovee was scheduled to personally appear at the hearing, but due to actions by Bovee, he was not permitted to attend.

court was necessary to preserve his constitutional right, and it included no information by which the trial court could assess the necessity of his appearance. Further, he failed to provide any factual information showing why his interest in appearing at the hearing outweighed the protection of the correctional system's integrity. Because Bovee failed to make the required showing and the trial court is not required, on its own, to seek out the necessary information, the trial court did not abuse its discretion by implicitly denying Bovee's request for a bench warrant.

Bovee's fifth issue is overruled.

**TIME PERIOD**

In his first issue, Bovee argues the trial court erred in issuing a sealing order that did not comply with section (6) of Rule 76a. Specifically, he asserts the trial court failed to state a time period for the duration of the court's order. *See* TEX. R. CIV. P. 76a(6). Rule 76a(6) provides the written order sealing court records, "shall state:…the time period for which the sealed portions of the court records are to be sealed." *Id*.

As a result of the hearing on the motion to seal, the trial court ordered the name of Johnny Doe and names of any other persons which, if used, would tend to identify Johnny Doe redacted from all pleadings on file in the case. The trial court further ordered, "[f]rom the date of this Order forward, no pleadings may use the actual names of Johnny Doe or any other person the use of which name would tend to identify Johnny Doe."

Citing *Boardman v. Elm Block Dev. Ltd. Partnership*, 872 S.W.2d 297 (Tex. App.—

Eastland 1994, no pet.), Bovee does not consider this language, "[f]rom the date of this Order forward," to be compliant with subsection 6 because it is "contrary to the very nature" of Rule 76a. *Boardman* is distinguishable. In *Boardman*, the appellate court held the trial court abused its discretion in sealing court records longer than the duration of the settlement negotiations, the stated reason for the sealing order. It did not hold that the 10 year period set in the sealing order was too long, per se. It also did not hold that a period such as the one in this case, is erroneous.

Bovee has not cited any case authority, and we have found none, that limits the time period set in a sealing order. We believe a time period such as what is found in this case is a stated "time period" as described by the Rule. It may be longer than what Bovee wants, but it is a time period, nonetheless. Further, as with any time period set under the Rule, it is not necessarily permanent. The Rule provides a way to reduce the time period for sealing or eliminate the sealing order altogether. Pursuant to subsection 7, the trial court's plenary power is extended indefinitely so that third parties may intervene before or after judgment in order to change or terminate the sealing order. Lloyd Dogget and Michael J. Mucchatti, *Public Access to Public Courts: Discouraging Secrecy in the Public Interest*, 69 Texas L. Rev. 643, 681 (1991). This procedure ensures that sealing orders will not exist indefinitely without the possibility of future intervention, when secrecy is no

longer justified.[2]  *Id*.

Accordingly, Bovee's first issue is overruled.

*IN CAMERA*

Bovee next complains that the "trial court erred in admitting evidence ex parte and in camera."  Specifically, he complains that he was not served with documents submitted for the trial court's in camera inspection prior to the hearing on the motion to seal; thus, he argues, the documents were admitted into evidence *ex parte* and the trial court should not have considered them *in camera*.

In support of his motion to seal, counsel for Johnny Doe presented documents to the trial court at the hearing on the motion to seal for an *in camera* inspection.  The documents were not admitted into evidence or presented *ex parte*.[3]  The trial court did not receive them until the hearing on the motion to seal when the parties were present and given the opportunity to be heard.[4]  Bovee was present at and participated in the hearing by telephone.  It appears from the reporter's record that Bovee was scheduled to appear

---

[2] A party, however, cannot seek a change in the order unless circumstances that materially affect the order have changed.  TEX. R. CIV. P. 76a(7).

[3] A proceeding where not all the parties are present or given the opportunity to be heard.  *See* BLACK'S LAW DICTIONARY 1221 (7th ed. 1999).

[4] Bovee chides Johnny Doe's counsel for agreeing to send Bovee the documents but not following through with that agreement.  Counsel did not agree to send Bovee copies of the documents.  Rather, counsel stated, "I will be happy to mail them to him provided that he is willing and the Court is willing to enter some sort of protective order preventing him from sharing these documents to anyone anywhere at any time, except for in this case."  Bovee never said he was willing to have a protective order entered.  And no protective order was rendered.

in person, but due to his own actions, was ultimately not permitted to attend in person. The documents were inspected by the court *in camera*, which means they were considered privately, as permitted by Rule 76a. TEX. R. CIV. P. 76a(4) ("The court may inspect records in camera when necessary"); *see* BLACK'S LAW DICTIONARY 763 (7th ed. 1999).

Accordingly, the trial court did not err by inspecting the documents *in camera*. Bovee's second issue is overruled.

## INSUFFICIENT EVIDENCE

Bovee next contends the evidence is insufficient to support the sealing order. Although he cites to no case law, Bovee presumes the standard for reviewing the propriety of a Rule 76a sealing order is for sufficiency of the evidence. That is not the standard. We review Rule 76a decisions for an abuse of discretion. *Gen. Tire v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998). A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or when it acts without reference to any guiding rules or principles. *Id*. An abuse of discretion does not exist where the trial court bases its decisions on conflicting evidence. *Id*.

Bovee fails to address how the trial court abused its discretion in ordering the redaction of Johnny Doe's name and the name of any other person whose name would tend to identify Johnny Doe from pleadings on file and prohibiting Bovee from using Johnny Doe's name or the name of any other person whose name would tend to identify Johnny Doe in future pleadings. Accordingly, this issue is improperly briefed and

presents nothing for review. *See* TEX. R. APP. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *Dorton v. Chase*, 262 S.W.3d 396, 400 (Tex. App.—Waco 2008, pet. denied).

Bovee's third issue is overruled.

**REDACTION**

Lastly, Bovee argues the trial court erred in ordering redaction of court records because Johnny Doe voluntarily disclosed a significant part of the privileged matters he sought to seal.[5]  Bovee's argument under this issue is premised on Rule 511 of the Texas Rules of Civil Procedure which states:

> A person upon whom these rules confer a privilege against disclosure waives the privilege if:
>     (1)  the person or a predecessor of the person while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter unless such disclosure itself is privileged;
>
> TEX. R. CIV. P. 511.

However, Rule 511 governs waiver of *evidentiary privileges* by voluntary disclosure. *Paxton v. City of Dallas*, No. 15-0073, 2017 Tex. LEXIS 122, at *25 (Tex. Feb. 3, 2017) (publication status pending) (emphasis added).  Bovee contends that, although the rule states it applies to persons "upon whom *these rules* confer a privilege," it also applies to

---

[5] This is a significant misstatement of Johnny Doe's argument.  Although Bovee alleges that Johnny Doe's mother disclosed Johnny Doe's identity to third parties, the only information Johnny Doe sought to protect was his identity.  The events leading to Bovee's incarceration were not part of the privileged matter Johnny Doe sought to seal.

constitutional privileges. To support this contention, Bovee cites *Lozada-Mendoza v. State*, 951 S.W.2d 39, 43 (Tex. App.—Corpus Christi 1997, no pet.). *Lozada* does not stand for the proposition stated by Bovee. Rather, it is an opinion in a criminal appeal which discusses the waiver of a defendant's privilege against self-incrimination. It does not discuss whether Rule 511 applies to the waiver of constitutional privileges. Bovee has not cited any other case, and we have found none, for the proposition that Rule 511 applies to the waiver of constitutional privileges. Thus, Bovee's argument that Johnny Doe waived his privacy privilege pursuant to Rule 511 of the Texas Rules of Civil Procedure is overruled.

Bovee's fourth issue is overruled.

**CONCLUSION**

Having overruled each issue presented on appeal, we affirm the trial court's Order on Motion to Seal Court Records.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed March 15, 2017
[CV06]

