**Helen HIGH et vir, Appellant,**

**v.**

**George GLAMEYER, Appellee.**

**No. 120.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 15, 1968.

Rehearing Denied June 5, 1968.

Jesse A. Pardue, James W. Lee, Williams, Lee & Lee, Houston, for appellant.

John O. Hoyt, Humble, for appellee.

TUNKS, Chief Justice.

This in a trespass to try title suit, involving a 20-acre tract of land in Harris County, Texas. The tract involved was conveyed by deed dated November 7, 1940,

to Charles T. Addison, as named grantee. Charles T. Addison was, at such time, married to Lillian Addison and there is no question but that the property acquired was community property. This deed was not filed for record until November 28, 1944.

On September 14, 1942, Lillian Addison filed suit for divorce against Charles T. Addison in the District Court of Harris County, Texas. In her petition for divorce she alleged:

"Plaintiff would further show that all property rights between the plaintiff and defendant have been settled between them by satisfactory mutual agreement, and plaintiff prays the Court that on final hearing of this petition, and upon the granting of the relief herein prayed for, that the Court also include in any such judgment or decree proper order setting forth briefly the settlement agreement agreed to by the parties, and ratifying and confirming same."

On October 17, 1942, judgment was rendered granting Lillian Addison a divorce from Charles T. Addison. In that judgment it is recited:

"And the Court further finds that all community interest in real and personal property, that may have been accumulated by the plaintiff and defendant during their married life, has been adjusted between them to their entire satisfaction, as evidenced by written conveyance forever settling the rights of said parties, as shown by instruments of record in the Office of the County Clerk of Harris County, Texas, and the Court hereby ratifies and confirms each and all of said instruments of conveyance and settlement between said parties."

By a deed dated September 14, 1942, the date the divorce petition was filed, Charles T. Addison conveyed to his wife all of his interest in a tract of land described by lot and block number—apparently the residence of the couple. In the granting clause in that deed is this language:

" * * * grant, bargain, sell and convey unto the said Lillian Addison, in her separate right, and for her separate use and benefit, all of my individual right, title and interest * * *."

in the residence property. This deed was not filed for record until October 20, 1942, three days after the divorce decree.

On October 20, 1942, Lillian Addison, as grantor, executed a deed to Charles T. Addison as grantee. The granting clause of that deed is in the following language:

"That I, Lillian May Addison, a feme sole, resident of Houston, Harris County, Texas, for and in consideration of the sum of ten ($10.00) dollars cash and other valuable consideration to me in hand paid by Charles T. Addion, resident of Harris County, Texas, the receipt and sufficiency of which is hereby acknowledged and confessed, do by these presents bargain, sell, release and forever quitclaim unto the said Charles T. Addison, of Harris County, Texas, his heirs and assigns, all of the right, title, interest or claim that I might or might be entitled to receive in any properay, real, personal or mixed, that may belong to the said Charles T. Addition, in his separate right, regardless of whether any such property was accumulated by the said Charles T. Addison prior to the date of our marriage, or was accumulated during the period of time that I was married to and was the wife of said Charles T. Addison, and whether any of said property stands of record in the name of the said Charles T. Addison, or in the name of some other person or persons (other than the grantor herein) for his use and benefit."

The habendum clause is as follows:

"To have and to hold the said premises, together with all and singular the rights and privileges and appurtenances thereto in any manner belonging unto the said

Charles T. Addison, his heirs or assigns, forever, so that neither I, the said Lillian May Addison, nor my heirs nor any person or persons claiming under me, shall, at any time hereafter, have, claim or demand any right or title in the property belonging to said Charles T. Addison in his separate right, as aforesaid."

The habendum clause is followed by language excepting the residence property and household articles therein.

Subsequently, Charles T. Addison died, and by will, dated June 25, 1943, and admitted to probate on November 23, 1943, left the 20-acre tract which is the subject matter of this lawsuit, by specific bequest, to George Glameyer, defendant in the trial court and appellee here.

Still later, Lillian Addison died and by will dated July 25, 1946, and admitted to probate on August 28, 1962, left all of her property, by general bequest, to Helen High, the plaintiff in the trial court and appellant here. Helen High was the only child of the marriage of Charles T. and Lillian Addison.

Plaintiff's only pleading in the trial court was her original petition which was in the statutory form of trespass to try title and described the property in question by metes and bounds description. The defendant, in his Second Amended Original Answer, pleaded a general denial, that the divorce decree was res judicata as to the title to the property in question, estoppel, laches and the three, five, and ten-year statutes of limitations. Both parties filed motions for summary judgment, each contending that the above listed documents entitle him to judgment as a matter of law. The trial court overruled plaintiff's motion for summary judgment and granted the defendant's motion. The plaintiff has appealed.

It is appellant's contention that neither the deed from her mother to her father dated October 19, 1942, nor the divorce decree dated October 17, 1942, effected a partition of the 20-acre tract in question which belonged to the community, so that, following the divorce, her father and mother remained co-tenants in their separate rights and that she, as devisee of her mother, is entitled to judgment for title to an undivided one-half interest. As to the deed from her mother to her father, appellant contends that it was simply a quit-claim of her mother's interest, if any, in her father's separate property and as to the divorce decree, it, too, was, so far as the parties' property rights were concerned, simply an adjudication that her mother had no interest in her father's separate property. In the prayer of her brief filed in this court, appellant asks that the judgment of the trial court be reversed and that this court render judgment for her for an undivided one-half interest in the tract in question. She does not ask that the case be remanded to the trial court.

All of the above mentioned documents were before the court and were incorporated in the defendant's motion for summary judgment. The plaintiff's motion for judgment stated as grounds the following:

"As all of the relevant title instruments are before the Court and as no fact questions are involved this Court can adjudicate this cause and decree to plaintiff, Helen High, an undivided one-half interest in and to the tract described in plaintiff's original petition."

■ No party pleaded either fraud, accident or mistake, nor was there any pleading of ambiguity. Under the circumstances the Court was correct in concluding that there was no question of fact but rather that the deed should be construed as a matter of law. Woods v. Sims, 154 Tex. 59, 273 S.W.2d 617; Bumpass v. Bond, 131 Tex. 266, 114 S.W.2d 1172; Brite v. Gray, Tex.Civ.App., 377 S.W.2d 223, no writ hist.; Ervay, Inc. v. Wood, Tex.Civ.App., 373 S.W.2d 380 err. ref., n.r.e.; Gibson v. Watson, Tex.Civ. App., 315 S.W.2d 48, ref. n.r.e.; Brown v.

Brown, Tex.Civ.App., 245 S.W.2d 995, err. ref.

We are also of the opinion that the trial court correctly construed the deed dated October 19, 1942, from Lillian Addison to Charles T. Addison as granting to the grantee therein the title to the property which is the subject matter of this dispute. In construing such deed, the court was entitled to construe it in the light of circumstances that existed at the time of its execution. Pitts v. Camp County, Tex. Com.App., 120 Tex. 558, 39 S.W.2d 608; Hendes v. Gale, 376 S.W.2d 922, err. ref., n.r.e; Cutrer v. Cutrer, Tex.Civ.App., 334 S.W.2d 599, affmd., 162 Tex. 166, 345 S.W. 2d 513, 86 A.L.R.2d 105.

Further, in its construction of the deed in question, the Court was entitled to take into consideration the recitations in the divorce petition filed by Lillian Addison, the recitations in the divorce decree and in the deed from Charles T. Addison to Lillian Addison. Pacific Mut. Life Ins. Co. v. Westglen Park, Inc., 160 Tex. 1, 325 S.W.2d 113; Board of Insurance Commissioners v. Great Southern Life Ins. Co., 150 Tex. 258, 239 S.W.2d 803; Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472.

We are of the opinion that the use of the words "in his separate right" in the October 19, 1942, deed from Lillian Addison to Charles T. Addison was for the purpose of indicating that the grant therein was to Charles T. Addison of property to be owned by him as his separate estate or in his separate right, rather than evidence of an intention to quitclaim an interest in property already owned by Charles T. Addison as his separate estate. Any other construction would be directly in conflict with the recitations in the divorce petition filed by Lillian T. Addison wherein it was recited that all of the property of the community had been partitioned between the parties and would also be in direct conflict with the recitation in the judgment of divorce wherein a similar language was used.

It is to be noted that comparable language was used in the deed from Charles T. Addison to Lillian T. Addison. Apparently both instruments were drawn by the same person and in the deed to Lillian Addison it was recited that the grant was to her "in her separate right."

The judgment of the trial court is consistent with the rule to the effect that in the construction of deeds questionable language should be strictly construed against the grantor. Davis v. Andrews, Tex.Civ.App., 361 S.W.2d 419, writ ref., n.r.e.; Cameron County Water Control & Imp. Dist. No. 5 v. George, Tex.Civ.App., 349 S.W.2d 308, writ ref., n.r.e.; Ladd v. DuBose, 344 S.W.2d 476, no writ hist.

The judgment of the trial court is affirmed.