Jack G. S. MAXFIELD et al., Appellants,

v.

NORTHWOOD HOMES, INC., Appellee.

No. 19849.

Court of Civil Appeals of Texas, Dallas.

May 18, 1979.

Rehearing Denied June 13, 1979.

Frederick W. Addison, III, Storey, Armstrong, Steger & Martin, Dallas, for appellants.

Richard F. Martin, Edmund R. Wood, Chancellor & Wood, Anthony Atwell, Dallas, for appellee.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

STOREY, Justice.

■ This is a trespass to try title action brought by appellants to determine ownership of a 16.6 foot strip of land adjoining appellants' tract on the north and appellees' tract on the south. The question on appeal is whether this court is bound by the trial court's finding that the words "passing along," as used in the deed description, mean "in the direction of" or "parallel to," thereby extending appellees' southern boundary and giving them title to the disputed strip. Both parties concede and we agree that the deed description is unambig-uous. Because of this, it is to be construed as a matter of law, and we are therefore not bound by the trial court's finding. We conclude that the words "passing along" call for adjoinder to the northern boundary line of the strip in dispute, and therefore prevail over the courses and distances argued for by appellee. We reverse and render.

The facts are not in dispute. In 1972, J. R. and Jack Maxfield conveyed approximately thirty-nine acres of land to Harmony Homes, Inc. and Marvin Jones. By warranty deed recorded in 1973, Harmony Homes, Inc. and Marvin Jones conveyed the thirty-nine acres to Northwood Homes. The next to last call in the 1972 deed states that the southern boundary of the tract conveyed was to run:

THENCE South 89 degrees 15 minutes 29 seconds West 1548.16 feet *passing along the North line of the Jack G. S. Maxfield 5 acre tract* to a point for corner in said present East line of Scott Mill Road;

The same language was also used in the 1973 deed, and the emphasized portion gives rise to the dispute. Appellants' five acre tract borders appellees' thirty-nine acre tract on the south, and appellants contend that the words "passing along" merely set the north-south boundary line as it existed in 1972.

■ The trial court made no findings of fact or conclusions of law. Appellee urges on the authority of *Banks v. Collins*, 152 Tex. 265, 257 S.W.2d 97 (1953), that this court may not disturb the trial court's judgment if there is sufficient evidence in the record to support that judgment. In this case, however, there is *no* evidence to show the intent of the parties except for the deed description itself. We conclude, therefore, that the trial court's implied finding that the parties intended to establish a new boundary line was unwarranted. The language in the deed was unambiguous. Had the grantor intended "passing along" to mean "parallel to" or "in the direction of," unequivocal language to that effect should have been used.

■ As a general rule, the intention expressed by the language of the deed is

controlling even though the parties may have had a different intention and, if the deed is not ambiguous, the instrument will be enforced as written even though it does not express the original intent of the parties. *Peterson v. Barron*, 401 S.W.2d 680 (Tex.Civ.App.—Dallas 1966, no writ). Because there is no ambiguity, we hold that the words in the deed are to be construed as a matter of law. *Guaranty National Bank and Trust of Corpus Christi v. May*, 513 S.W.2d 613 (Tex.Civ.App.—Corpus Christi 1974, no writ); *High v. Glameyer*, 428 S.W.2d 872 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). The language in the deed creates an adjoinder, which calls for the land to be measured contiguous to the north boundary line set in the deed. An adjoinder is the equivalent of an artificial monument, and it is a well settled rule of property law that a call for adjoinder controls a call for course and distance. *Stanolind Oil & Gas Co. v. State*, 129 Tex. 547, 101 S.W.2d 801 (1937); *Kirby Lumber Co. v. Gibbs Bros. & Co.*, 14 S.W.2d 1013 (Tex.Comm'n App.1929, holding approved). Upon this reasoning, appellees' argument that the term "passing along" establishes a new boundary is rejected.

Appellants have orally waived their claim for damages on this appeal. We therefore reverse and render judgment that appellants receive title and possession of the disputed strip.