Hugh BROWNING, Joe Parker Harris,
Louann Parrish, Frances Harris and
Judy Harris Young, Appellants,

v.

Jack W. GRIGSBY, Virgil Fleming, Grover
N. Fleming, Ruth L. Fleming Keeling
and Verna Fleming Marshall, Appellees.

No. 9145.

Court of Appeals of Texas,
Texarkana.

April 26, 1983.

J.E. Jackson, Carthage, for appellants.

Robert A. Anderson, Smead, Anderson,
Crowson & Wilcox, Longview, J.D. Blassin-

game, Bankhead & Davis, Carthage, for
appellees.

BLEIL, Justice.

Hugh Browning and others appeal a sum-
mary judgment favoring the Flemings.
Jack Grigsby, the operator of a producing
gas unit, brought an interpleader joining
two groups claiming royalty ownership as
defendants. After hearing the motions for
summary judgment, the trial court entered
judgment favoring the Flemings, awarded
$700.00 attorney's fees to Grigsby, and de-
nied Browning's motion for summary judg-
ment. The issues concern the trial court's
construction of a reservation in a deed and
the award of attorney's fees. We reverse
and render judgment in favor of Browning
and the other appellants, but affirm the
trial court's award of attorney's fees.

All parties agree that there are no disput-
ed issues of fact. The controversy revolves
around the construction of a mineral reser-
vation in a warranty deed executed on June
9, 1944. Mollie and J.H. Phillips deeded
certain property to G.C. Fleming. The deed
provides that:

"It is agreed and understood, however,
that one-half (½) of the oil, gas and other
minerals are excepted from this convey-
ance and reserved unto grantors, their
heirs and assigns, in fee simple title, to-
gether with the right of ingress and
egress, at all times, for the purpose of
mining, exploring, producing, saving and
marketing such minerals or either of
them; it is provided, however, that this
mineral exception and reservation shall
expire on October 25, 1958, unless at that
time the above named minerals or either
of them, is being produced from said
premises in paying quantities."

Browning and the other appellants now
own the reserved interest. Oil, gas and
other minerals were being produced in pay-
ing quantities on October 25, 1958. There-
after, however, production ceased. Grigsby
obtained new mineral leases from both
groups claiming royalty ownership, began
production of minerals, and instituted this

suit for determination of the proper allocation of royalty.

■ Absent an assertion that a deed is ambiguous, we construe it within its four corners, enforce it as written, and give the language in the reservation its plain meaning. *Ulbricht v. Friedsam,* 159 Tex. 607, 325 S.W.2d 669 (1959); *Maxfield v. Northwood Homes, Inc.,* 582 S.W.2d 588 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e.). By the plain words of the deed the reserved mineral interest was to vest or expire on October 25, 1958. Because minerals were being produced from the land on that date the reservation of the mineral interest vested. *Williamson v. Federal Land Bank of Houston,* 326 S.W.2d 560 (Tex.Civ.App.— Texarkana 1959, writ ref'd n.r.e.). Therefore, the trial court erred in holding that the mineral interest terminated after October 25, 1958, when production ceased.

■ Browning and Grigsby both contest the award of attorney's fees. Browning contends that because Grigsby stimulated litigation by refusing to pay the royalty which was plainly due, he is not entitled to attorney's fees. Conversely, Grigsby complains that he should receive the full $1,936.25 attorney's fees established by the summary judgment proof. Absent evidence illustrating a clear abuse of discretion, we do not disturb an award of attorney's fees. *Cypress Creek Utility Services v. Muller,* 624 S.W.2d 824 (Tex.App.—Houston [14th Dist.] 1981), *affm'd on other grounds,* 640 S.W.2d 860 (Tex.1982); *Espinoza v. Victoria Bank & Trust Co.,* 572 S.W.2d 816 (Tex.Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.). Evidence supports this award and we find no abuse of discretion by the trial court.

We reverse and render judgment construing the reservation as having vested, as sought by Browning. We affirm the trial court's award of attorney's fees.