IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00204-CV

 

In the Interest of
H.E.L., 

a Child

 

 

 



From the County Court at Law No. 2

Brazos County, Texas

Trial Court # 04-001376-CV-CCL2

 



MEMORANDUM 
Opinion



 








            Kim
Walker filed a petition in the County Court at Law No. 2 to change the name of
her child, H.E.L.  Del Eugene Lange, the
father, was and is in prison and did not answer the petition.  No record was made of the hearing on the
petition.  A judgment was entered
changing H.E.L’s name.  Lange appeals,
and we affirm.

          In
five issues, Lange argues that the trial court erred in changing his child’s
name.  Walker has not filed a brief.

          First,
Lange argues that he never had a chance to properly respond to the petition
before judgment was entered.  He
specifically references the portion of the Clerk’s Record that contains his
Motion for Extension of Time to Respond. 
In that motion, Lange asks for a 30-day extension to properly respond to
the petition.  He cites to no case or
rule in his brief that requires a court to grant an extension of time to
respond to a petition.  This issue is
inadequately briefed and presents nothing for review.[1]  Tex.
R. App. P. 38.1; Batto v. Gafford,
119 S.W.3d 346, 350 (Tex.
App.—Waco 2003, no pet.). 

          Second,
Lange argues that the mandatory provisions in the Texas Family Code were not
followed.  Lange fails to point out how
these provisions were not followed.  This
issue is inadequately briefed and presents nothing for review.  Tex.
R. App. P. 38.1; Batto v. Gafford,
119 S.W.3d 346, 350 (Tex.
App.—Waco 2003, no pet.). 

          Third,
Lange contends the trial court did not have jurisdiction to render judgment
because the 361st District Court in Brazos County had continuing jurisdiction of the child.  There is nothing in the record, other than the
statement in the petition, that the district court had continuing jurisdiction
of the child.  Even if the statement is
taken as true, the continuing jurisdiction of the district court only affects
jurisdiction in matters covered by Title 5 of the Family Code, Parent-Child
Relationship.  See Tex. Fam. Code Ann. § 155.001 (Vernon 2002).  It does not affect jurisdiction of matters in
Title 2, Child in Relation to the Family. 
The chapter regarding the name change of a child falls within Title
2.  See
Tex. Fam. Code Ann. § 45.001 et.
seq. (Vernon 2002 & Supp. 2004-2005). 
And venue for a petition to change the name of a child is in the county
where the child resides.  Id. § 45.001. 
However, section 45.004 does provide that if a child is subject to the
continuing jurisdiction of a court under Chapter 155, the court entering an
order changing the name of the child is required to send a copy of the order to
the central record file.  Id. § 45.004(b). 
Nothing in the statutes suggests that the Brazos County Court at Law No.
2 did not have jurisdiction of the petition to change H.E.L.’s name.  

          Lange’s
third issue is overruled.

          Fourth,
Lange argues that Walker’s reasons for the name change stated in the
petition are hearsay and can be challenged by documented evidence.  Hearsay is a statement offered in evidence to
prove the truth of the matter asserted.  Tex. R. Evid. 801(d).  Lange offers no explanation as to why the
statement is hearsay.  Also, there is
nothing in the record before us to counter the statements in the petition.[2]  This issue is inadequately briefed and
presents nothing for review.  Tex. R. App. P. 38.1; Batto v. Gafford, 119 S.W.3d 346, 350 (Tex. App.—Waco 2003, no pet.). 

          Fifth,
Lange contends that the name change is not in the best interest of his
child.  A trial court may order a child's
name changed if the change is in the child's best interest.  Tex.
Fam. Code Ann. § 45.004(a) (Vernon Supp. 2004-2005).  A parent's interests and desires are of
secondary importance.  In re Guthrie, 45 S.W.3d 719, 724 (Tex.
App.—Dallas 2001, pet. denied).  A trial
court has wide discretion in deciding whether it is in the child's best
interest to grant a name change request. 
G.K. v. K.A., 936 S.W.2d 70,
73 (Tex. App.—Austin 1996, writ denied). 
A trial court abuses its discretion if it acts unreasonably,
arbitrarily, or without reference to guiding rules and principles.  Worford
v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Guthrie,
45 S.W.3d at 723.  Generally, courts will
change a child's name reluctantly and only when the child's welfare requires
it.  Guthrie,
45 S.W.3d at 724.

          Lange
contends that the name change would further alienate his child from him.  It is undisputed that Lange is in
prison.  He also contends that the name
change would be a possible stumbling block for public and private
services.  None of this information is in
the record.  In her petition, Walker gave the following reasons for the name change:

[H.E.L.]’s biological father was sent to prison
in March of 2000.  She has never known
him and will not be able to know him for another twenty-years or more.  He has exhausted all appeals and is not
eligible for parole until 2017.  Daniel
Walker is her step-dad and is the only father [H.E.L.] has ever known.  To bring unity to our family, we request that
the court approve this petition for name change so that [H.E.L.] can share her
step-father’s last name.

 

We cannot hold on this record that
the trial court abused its discretion in ordering the child's name changed.

          Lange’s
fifth issue is overruled.

          Having
overruled each issue properly presented, we affirm the trial court’s judgment.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

 

Before
Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

Affirmed

Opinion
delivered and filed January 26, 2005

[CV06]











[1]
Lange further argues that the trial court could not have properly determined
the best interest of the child with evidence from only one party.  The best interest of the child is addressed
in Lange’s fifth issue.





[2]
Lange attaches a document as an exhibit to his brief to show that Walker
has kept him from communicating with his child. 
We cannot consider documents attached to an appellate brief that are not
in the record.  Till v. Thomas, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.]
1999, no pet.).