IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-02-00320-CV

 

George Engelbretson, Jr. and Wife, Lisa D.
Engelbretson,

                                                                      Appellant

 v.

 

Syed Hyder,

                                                                      Appellee

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court # 53,342-361

 



MEMORANDUM 
Opinion



 








      This
appeal concerns a septic system easement. 
Hyder sued Appellants to enjoin them from interfering with his use of a
septic system on their property, for a declaratory judgment that he owned an
easement for the use of the system, and for other causes of action.  Appellants counterclaimed to enjoin Hyder
from using the system, for a declaratory judgment that the easement had been
abandoned, and for trespass and for damages from Hyder’s entry onto their
property.  The trial court rendered
judgment declaring that Hyder owned the valid easement, enjoining Appellants
from interfering with the easement, and awarding Appellants damages for
overflow of sewage onto their property. 
We will reverse and render in part, and affirm in part.

      Easement in Gross.  In Appellants’ first issue, they contend that
the trial court erred in rendering declaratory judgment that an easement
appurtenant to Hyder’s property existed, and thus that the easement was a
dominant estate with regard to Appellants’ servient estate; rather than an
easement in gross in favor of Hyder’s predecessor in interest.  “An easement appurtenant attaches to the land
and passes with it, while an easement in gross is personal and attaches only to
the grantee.”  Long Island Owner’s Ass’n, Inc. v. Davidson, 965 S.W.2d 674, 684
(Tex. App.—Corpus Christi 1998, pet. denied). 
“The tract of land on which the easement” appurtenant “is imposed is the
servient estate, and the tract of land benefitted by the easement is the dominant
estate.”  LaTaste Enters. v. City of Addison, 115 S.W.3d 730, 735 (Tex. App.—Dallas 2003, pet.
denied).  “[O]rdinarily, easements in
gross are not transferable or assignable.” 
Drye v. Eagle Rock Ranch, Inc., 364
S.W.2d 196, 203 (Tex. 1962); accord
McDaniel v. Calvert, 875 S.W.2d 482, 484 n.2 (Tex. App.—Fort Worth 1994, no
writ).  However, “the parties may create an assignable easement in
gross through an express assignment provision.” 
Farmer’s Marine Copper Works, Inc.
v. City of Galveston, 757 S.W.2d 148, 151 (Tex. App.—Houston [1st Dist.]
1988, no writ).

      “The
primary duty of the courts in interpreting a deed is to ascertain the intent of
the parties.  But it is the intent of the
parties as expressed within the four corners of the instrument which controls.”  Altman
v. Blake, 712 S.W.2d 117, 118 (Tex. 1986). 
Since the parties do not contend that the deed is ambiguous, we
interpret it as a matter of law.  See Moore v. Bank Midwest, N.A.,
39 S.W.3d 395, 403 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); Maxfield v. Northwood Homes, Inc., 582
S.W.2d 588, 589 (Tex. Civ. App.—Dallas 1979, writ ref’d n.r.e.).  

      The
deed from Appellants’ predecessor in interest to Hyder’s predecessor in
interest provides, following its habendum and warranty clause: 

    For the
same consideration there is further granted unto grantee, an easement over and
[sic] adjoining tract . . . for the purpose of construction and
maintenance of a septic field drain system, for use by grantee in connection
with his continued use of the property . . . for commercial purposes.  In the event that grantee should abandon such
field drain system or should an alternative sanitary sewer system become
available to grantee, the easement estate granted by this paragraph shall
terminate . . . .

This grant is of an easement in gross to Hyder’s
predecessor in interest only, not to his heirs and assigns, and only for “his”
purposes.  The grant does not create an
assignable estate.  The trial court erred
as a matter of law in rendering judgment that the easement had been effectively
conveyed to Hyder.  We sustain
Appellants’ first issue.  Accordingly, we
need not decide Appellants’ second, third, fourth, and fifth issues, which are
dependent upon the conclusion that the easement was an easement appurtenant.

      Damages for Trespass and Damage to Vegetation.  In Appellants’ sixth issue, they contend that
the trial court erred in not awarding them damages for Hyder’s entry onto their
property and damage to vegetation thereon. 
The trial court found no trespass, and Appellants do not challenge that
finding.  Thus, the trial court did not
err in not awarding damages for trespass. 
As to the damage to vegetation, apart from a statement of the amount of
such damages sought by Appellants, we perceive no argument on the matter, and
we hold that part of the issue to be inadequately briefed.  See
Tex. R. App. P. 38.1(h); Vickery v. Vickery, 999 S.W.2d 342,
352-53 (Tex. 1999); Batto
v. Gafford, 119 S.W.3d 346, 350 (Tex. App.—Waco 2003, no pet.).  We overrule Appellants’ sixth issue.

      Attorney’s Fees.  In Appellants’ seventh issue, they contend
that the trial court erred in not hearing live testimony on the issue of
attorney’s fees, and in not awarding them attorney’s fees.  Appellants brief these matters in two
conclusory sentences, without any citation to authorities.  Appellants’ seventh issue is inadequately
briefed.  See Tex. R. App. P.
38.1(h); Vickery, 999 S.W.2d at 352-53; Batto, 119 S.W.3d at 350.  We overrule Appellant’s seventh issue.    

      Conclusion.  Having sustained Appellants’ first issue,
we reverse the declaratory judgment rendered in Paragraph No. 1 of the trial
court’s judgment, and render judgment for Appellants.  Having overruled Appellants’ other issues, we
otherwise affirm the judgment.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

      Justice Reyna, and

      Judge Knize (sitting by assignment)[1]

Affirmed in part

Reversed
and rendered in part

Opinion
delivered and filed January 26, 2005

[CV06]











[1]
Gene Knize, Judge of the
40th District Court of Ellis County, sitting by assignment of the Chief Justice
of the Texas Supreme Court pursuant to section 74.003(h) of the Government
Code.  See Tex. Gov't Code Ann.
§ 74.003(h) (Vernon Supp. 2004-2005).