

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-11-00120-CV

**RICKEY FANTROY,**

                                                                **Appellant**

**v.**

**FIDELITY NATIONAL TITLE,**

                                                                **Appellee**

_____

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. C200700290

_____

## MEMORANDUM  OPINION

_____

Rickey Fantroy, appearing in this appeal without counsel, appeals the trial court's order, dated March 15, 2011, granting Fidelity National Title Insurance Company's motion for summary judgment as to each of Fantroy's causes of action and dismissing Fantroy's suit with prejudice.  We affirm.

Fantroy's brief consists of headings under which he makes unconnected statements about the proceeding below.  He appears to list two numbered and two unnumbered issues under his "Issues" heading.  However, under the "Argument"

heading, Fantroy begins a discussion generally about what happens at a closing.  He then concludes that discussion with a citation to subsection "f" of "section 26.02" of an unidentified code provision.  Fantroy then, under his "Prayer" heading, asks this Court to grant his appeal and set aside the trial court's order granting summary judgment.

An appellate brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.  TEX. R. APP. P. 38.1(i). Fantroy's brief contains no clear and concise argument whatsoever for the equally unclear contentions made.  Accordingly, his complaints on appeal as he described them are improperly briefed, present nothing for review, and are overruled.  *See id*.  *See also Dorton v. Chase*, 262 S.W.3d 396, 400 (Tex. App.—Waco 2008, pet. denied); *Batto v. Gafford*, 119 S.W.3d 346, 350 (Tex. App.—Waco 2003, no pet.).

As best we can determine, reviewing the briefs and the record, Fantroy's primary argument, at this juncture, is that the judgment is not final because his motion for new trial has not been ruled on by the trial court in writing.  First, there is no motion for new trial in the record for the judgment in the underlying proceeding between these two parties.  The record reflects that Fantroy's motion for new trial was filed after the trial court granted a summary judgment motion by other parties to Fantroy's suit.  Fantroy's claims against those parties were then severed into another proceeding.  No motion for new trial regarding the trial court's granting of Fidelity's motion for summary judgment is contained in the record.  Second, if a motion for new trial *was* filed, the

cases Fantroy relies upon hold that an order *granting* a motion for new trial must be in writing. *See In re Barber*, 982 S.W.2d 364, 367 (Tex. 1998); *see also Walker v. Harrison*, 597 S.W.2d 913, 915- 916 (Tex. 1980). These cases do not apply when the trial court denies a motion for new trial, or, as is more common, allows the motion for new trial to be overruled by operation of law on the 75th day after the judgment is signed. *See* TEX. R. CIV. P. 329b(c); *Clark & Co. v. Giles*, 639 S.W.2d 449, 450 (Tex. 1982) ("If no written order is signed … , the motion for new trial is deemed overruled by operation of law."). Thus, if Fantroy filed a motion for new trial, because there is no written order granting it, the motion for new trial was overruled by operation of law, and the judgment is final. We overrule Fantroy's issue related thereto.

In Fantroy's other issue, as best we can determine, he appears to argue that the trial court failed to hold an oral hearing on the record to consider the motion for summary judgment. An oral hearing on the record is not necessary for a trial court to consider and rule on a motion for summary judgment. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) ("An oral hearing on a motion for summary judgment may be helpful to the parties and the court, just as oral argument is often helpful on appeal, but since oral testimony cannot be adduced in support of or opposition to a motion for summary judgment, an oral hearing is not mandatory."). Fantroy's issue related thereto is overruled.

Further, Fidelity attempted to identify the possible issues raised in Fantroy's brief and responded to those possible issues. To the extent we misperceived Fantroy's issues, we find that Fidelity's responses construed Fantroy's brief as broadly as possible and reasonably endeavored to respond to each possible issue. Thus, to the extent that the issues raised by Fantroy are the issues as identified, briefed, and responded to by Fidelity, we overrule each possible issue for the reasons expressed in Fidelity's brief.

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed March 21, 2012
[CV06]