

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00330-CV

**BRYAN LIGHT,**

**Appellant**

 **v.**

**VISTRA ENERGY AND TXU ENERGY REP 10004,**

**Appellees**

**From the 443rd District Court**
**Ellis County, Texas**
**Trial Court No. 98838**

## MEMORANDUM OPINION

In two issues, appellant, Bryan Light, advancing pro se in the trial and appellate courts, challenges the trial court's granting of a motion to dismiss filed pursuant to Texas Rule of Civil Procedure 91a by appellees, Vistra Energy and TXU Energy REP 10004. *See* TEX. R. CIV. P. 91a. Specifically, Light contends that the trial court erred by excluding critical evidence and that the evidence is factually insufficient to support the dismissal. We affirm.

**Background**

Light filed his original petition against appellees, alleging causes of action for wrongful termination and intentional infliction of emotional distress. In his petition, Light did not specify the elements of his causes of action or the evidence in support of any specific element. Light attached seven exhibits to his original petition and, from what we can discern, complained about the termination of his employment by appellees for "emailing a competitor's pricing matrix to his two supervisors" after he had been asked to do so.

Appellees filed a joint answer and specially excepted to Light's original petition. In response to appellees' special exceptions, Light filed an "addendum" to his petition, which appears to be a repeat of his original petition and, once again, did not specify the elements of his causes of action or the evidence in support of any specific element.

Thereafter, appellees timely filed a joint motion to dismiss under Texas Rule of Civil Procedure 91a, asserting that Light's conclusory pleading demonstrates that his wrongful-termination and intentional-infliction-of-emotional-distress claims have no basis in law or fact. *See id.* Appellees further argued that Light's emotional distress claim is barred by the availability of employment-dispute remedies, regardless of whether he succeeds on or even pleads such legal theories. Light responded by filing a "Motion for Pretrial for November 30, 2018," arguing that his claims have a basis in law and in fact

and that a jury "is the **fair** and **just** way to resolve this unprecedented case." (Emphasis in original).

Both parties set their motions for a hearing and provided timely notices to the other. However, Light filed another pleading, again asserting claims for wrongful termination and intentional infliction of emotional distress without identifying the elements of his causes of action or relevant evidence in support of any specific element.

At the hearing on the parties' motions, the trial court granted appellees' Rule 91a motion to dismiss.

**Standard of Review**

Texas Rule of Civil Procedure 91a allows a party, with exceptions not applicable here, to "move to dismiss a cause of action on the grounds that it has no basis in law or fact." *Id.* at R. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts as alleged is a question of law. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724-25 (Tex. 2016) (per curiam) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75-76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)).

**Analysis**

At the outset, we note that Light has filed three briefs on the merits, two addenda, and a reply to appellees' joint brief. Despite the fact that appellees complained in their

brief about Light's lack of citations to the record and legal authorities, we count only one citation to the record and no citations to any legal authorities.[1]  Texas Rule of Appellate Procedure 38.1(i) provides that a "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."  TEX. R. APP. P. 38.1.(i).  This requirement is not satisfied by merely uttering brief conclusory statements, unsupported by legal citations.  *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App.—El Paso 2007, pet. struck).  Furthermore, Texas courts have noted that "an issue not supported by references to the record is waived."  *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see Dorton v. Chase*, 262 S.W.3d 396, 400 (Tex. App.—Waco 2008, pet. denied) (stating that issues that do not comply with Texas Rule of Appellate Procedure 38.1(i) are inadequately briefed and present nothing for review); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied) (noting that an appellate court has no duty to perform an independent review of the record and applicable law to determine whether the complained-of error occurred).

---

[1] In his April 8, 2019 addendum, Light referenced mediation between the parties and a hearing before the Texas Workforce Commission that occurred after the trial court signed its October 22, 2018 judgment granting appellees' Rule 91a motion to dismiss.  We cannot consider this new evidence included in Light's April 8, 2019 addendum because it was not formally included in the record and, thus, was not before the trial court when appellees' Rule 91a motion to dismiss was decided.  *See Gonzalez v. Villarreal*, 251 S.W.3d 763, 777 n.17 (Tex. App.—Corpus Christi 2008, pet. dism'd w.o.j.); *Till v. Thomas*, 10 S.W.3d 730, 733-34 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

We recognize that Light was pro se in the trial court and is pro se on appeal. However, under Texas law, pro-se litigants are held to the same standards as licensed attorneys with regard to compliance with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *see In re N.E.B.*, 251 S.W.3d 211, 211-12 (Tex. App.—Dallas 2008, no pet.); *see also Weaver v. E-Z Mart Stores*, 942 S.W.2d 167, 169 (Tex. App.—Texarkana 1997, no writ) (noting that a pro-se litigant is held to the same standard that applies to a licensed attorney and that no allowance is made for the fact that a party is not a lawyer). Given that Light's filings on appeal do not comply with Texas Rule of Appellate Procedure 38.1(i), we conclude that his issues are inadequately briefed and present nothing for review.

Nevertheless, even if Light had adequately briefed his issues on appeal, they lack merit. This is because Rule 91a.6 provides that "the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." TEX. R. CIV. P. 91a.6. Light has not identified any evidence that was purportedly excluded by the trial court. And to the extent that Light attempted to offer evidence at the hearing on the Rule 91a motion to dismiss, the trial court was required to disregard it.[2] *See id.*

---

[2] We do not have a Reporter's Record for the hearing conducted on appellees' Rule 91a motion to dismiss because Light "failed to pay or make arrangements to pay the reporter's fee." As such, this appeal was submitted on the Clerk's Record alone. *See* TEX. R. APP. P. 37.3(c)(2).

With regard to Light's contention that the evidence is factually insufficient to support dismissal, we note that Light's pleadings fail to allege a recognized exception to the at-will employment doctrine. *See Safeshred, Inc. v. Martinez*, 365 S.W.3d 655, 659 (Tex. 2012) ("Apart from *Sabine Pilot*, this Court has steadfastly adhered to the employment at-will doctrine." (citation omitted)); *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985) (recognizing a narrow exception to the at-will employment doctrine allowing employees to sue their employers if they are discharged "for the sole reason that the employee refused to perform an illegal act").

Moreover, with respect to his intentional-infliction-of-emotional-distress claim, Light did not allege a legal or factual basis for extreme and outrageous conduct in the employment-termination decision. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) ("[I]ntentional infliction of emotional distress is a 'gap-filler' tort never intended to supplant or duplicate existing statutory or common-law remedies." (citation omitted)); *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (stating that the elements of a claim for intentional infliction of emotional distress are: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe); *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605-612-13 (Tex. 1999) ("[A] claim for intentional infliction of emotional distress does not lie for ordinary employment disputes."). Accordingly, we cannot say that the trial court erred when it granted

appellees' Rule 91a motion to dismiss. *See* TEX. R. CIV. P. 91a.1; *see also Sanchez*, 494 S.W.3d at 724-25; *Wooley*, 447 S.W.3d at 75-76. We overrule both of Light's issues on appeal.

**Conclusion**

We affirm the judgment of the trial court.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
     Justice Johnson,
     and Justice Rose[3]
Affirmed
Opinion delivered and filed October 13, 2021
[CV06]



---

[3] The Honorable Jeff Rose, Former Chief Justice of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.