

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00057-CV

## IN THE MATTER OF THE MARRIAGE OF
## ANDREA STARR FENNER AND
## CHRISTOPHER ROLAND FENNER AND

## IN THE INTEREST OF
## A.E.F AND G.D.F., CHILDREN

**From the 18th District Court
Somervell County, Texas
Trial Court No. D04756**

## MEMORANDUM OPINION

Christopher Roland Fenner appeals the trial court's Order on Motion for Enforcement. Because Fenner's brief does not complain about error in this order, the order is affirmed.

Fenner and Andrea were divorced in 2010. Fenner was ordered to pay $345.92 per month in child support until his youngest child turned 18 or graduated from high school. At the time of the divorce, Fenner was already in arrears in the amount of $1,157.82. In March of 2020, Andrea filed a motion for enforcement, asserting that Fenner was in

arrears in the amount of $51,547. After a hearing by Zoom (remote video conference) on February 4, 2021, the trial court signed an order in favor of Andrea which confirmed the arrearage amount as $51,547.13.

On appeal, Fenner raises three issues: 1. the trial court abused its discretion in 2010 by giving the homestead to Andrea; 2. his child support should be reduced because he has been illegally restrained; and 3. Andrea was in contempt of Court because he had not seen his daughters since June of 2010.

These issues do not challenge the trial court's enforcement order. The only issue that might arguably challenge the trial court's order is Fenner's second issue. However, in the discussion of that issue, Fenner argues that he has been illegally restrained over the last 11 years, and thus, child support should be reduced, citing section 154.068(b) of the Texas Family Code in support of his argument. This provision applies when the trial court is initially determining child support, not when the trial court has been asked to enforce a prior child support order. TEX. FAM. CODE § 154.068(a), (b).[1] Further, the only relief requested by Fenner regarding any of his issues on appeal is that his convictions should be vacated; he should be released from custody; his property should be returned to him; and he should be reunited with his children. These requests are not the kind of relief that can be granted by an appeal of the enforcement order.

---

[1] (a) In the absence of evidence of a party's resources, as defined by Section 154.062(b), the court shall presume that the party has income equal to the federal minimum wage for a 40-hour week to which the support guidelines may be applied.
(b) The presumption required by Subsection (a) does not apply if the court finds that the party is subject to an order of confinement that exceeds 90 days and is incarcerated in a local, state, or federal jail or prison at the time the court makes the determination regarding the party's income.

Accordingly, Fenner's issues are not properly briefed and present nothing for review. *See* TEX. R. APP. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *Dorton v. Chase*, 262 S.W.3d 396, 400 (Tex. App.—Waco 2008, pet. denied).

The trial court's Order on Motion for Enforcement, filed on February 4, 2021, is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed
Opinion delivered and filed February 16, 2022
[CV06]

