

# IN THE
# TENTH COURT OF APPEALS

## No. 10-22-00017-CV

**GRANT VASSBERG AND
KALLION CATTLE COMPANY LLC,**

                                                    **Appellants**

 **v.**

**JOHN E. MCFARLANE, HIGH PRAIRIE RANCH CATTLE
COMPANY, CARTER INTERESTS LTD., CATHERINE
CARTER MALONE, JOHN MASON CARTER, JOHN
MASON CARTER, JR., MADELINE BROWNE CARTER,
CARTER DAVIS MALONE, CATHERINE MEGAN MALONE,
& JOHN E. MCFARLANE, SR. AS THE SOLE TRUSTEE OF
THE JOHN E. MCFARLANE FAMILY TRUST,**

                                                    **Appellees**


From the 361st District Court
Brazos County, Texas
Trial Court No. 20-002473-CV-361


## MEMORANDUM OPINION


Grant Vassberg and Kallion Cattle Company, LLC ('the Vassbergs") appeal the

trial court's "Final Summary Judgment" by which it dismissed and also entered a take-

nothing judgment on all of the Vassbergs' causes of action and assessed attorney's fees to

be paid by the Vassbergs. All other relief was denied. For the reasons set forth in this opinion, the trial court's "Final Summary Judgment" is affirmed.

BACKGROUND

According to the Vassbergs' first amended original petition, the Vassbergs leased a large amount of land for their cattle operations. They also worked to improve the land by clearing it from invasive plants that interfered with cattle grazing. After signing a new lease on March 2, 2020, which set a minimum monthly rental of $4,500, the Vassbergs failed to pay that amount, claiming the monthly rental amount had been reduced by oral agreement. In August of 2020, John E. McFarlane gave notice of termination of the lease, and the Vassbergs vacated the land in November.

Initially, Grant Vassberg filed suit against McFarlane, d/b/a High Prairie Ranch Cattle Company ("HPRCC") for specific performance and injunctive relief related to the lease agreement. When the original petition was amended, Kallion Cattle Company was added as a plaintiff/third-party beneficiary, and Carter Interests Ltd., Catherine Carter Malone, John Mason Carter, John Mason Carter, Jr., Madeline Browne Carter, Carter Davis Malone, Catherine Megan Malone, and John E. McFarlane, Sr. as the Sole Trustee of the John E. McFarlane Family Trust were added as defendants. McFarlane, d/b/a HPRCC filed a counterclaim. Various motions for summary judgments were filed by the defendants, opposed by the Vassbergs, and granted by the trial court. A final, appealable summary judgment was rendered by the trial court against the Vassbergs on November 1, 2021.

## SUMMARY JUDGMENT

We review a trial court's summary judgment de novo. *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015); *Nichols v. McKinney*, 553 S.W.3d 523, 527 (Tex. App.—Waco 2018, pet. denied). Our review is limited to consideration of the summary judgment evidence presented to the trial court. *See* TEX. R. CIV. P. 166a(c). A trial court can consider, and a defendant can rely on, evidence and pleadings by a plaintiff to determine whether the summary judgment burden of proof has been met. *See Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 835 (Tex. 2018).

We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party moving for traditional summary judgment must state specific grounds, and a defendant who conclusively negates at least one essential element of each of the plaintiff's causes of action or who conclusively establishes all the elements of an affirmative defense is entitled to summary judgment. *KCM Fin. LLC*, 457 S.W.3d at 79; *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995).

Summary judgments must stand on their own merits. *Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). Accordingly, the non-movant has no burden to respond to or present evidence regarding the motion until the movant has carried its burden. *See id.*; *Nichols*, 553 S.W.3d at 527. If the movant meets its burden, the burden then shifts to the non-movant to raise a genuine issue of material fact. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The evidence raises a genuine issue of material fact if reasonable and fair-minded jurors could differ in their conclusions in light

of all the summary-judgment evidence.  *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).  And when the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious.  *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

### ISSUES—RES JUDICATA

In their first issue, the Vassbergs contend the trial court erred as a matter of law when it granted summary judgment in favor of McFarlane and HPRCC (hereinafter referred to in this issue as McFarlane) based on res judicata.  This is the only issue raised by the Vassbergs which attacks the summary judgment granted in favor of McFarlane.  However, McFarlane also moved for summary judgment based on the statute of frauds defense.  *See* TEX. BUS. & COM. CODE § 26.01(a), (b)(5).

When a party moves for summary judgment on multiple grounds and the trial court does not specify the basis for its summary judgment, as in this case, "the appealing party must show it is error to base it on any ground asserted in the motion."  *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *see Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).  If the appealing party "fails to negate or challenge all possible grounds on which summary judgment could have been granted, we will uphold the judgment on those grounds."  *Lesher v. Coyel*, 435 S.W.3d 423, 429 (Tex. App.—Dallas 2014, pet. denied); *see Malooly*, 461 S.W.2d at 121; *see also Heister v. W. Shamrock*, No. 10-01-00366-CV, 2003 Tex. App. LEXIS 5160, *2 (Tex. App. Waco June 18, 2003, no pet.) (mem. op.).

The Vassbergs failed to challenge the statute of frauds defense raised by McFarlane. Thus, the trial court's grant of McFarlane's motion for summary judgment is affirmed, and the Vassbergs' first issue is overruled.

## — AGENCY

Next, the Vassbergs contend the trial court erred in granting summary judgment for the McFarlane Trust and Carter Interests Ltd. (collectively referred to in this issue as Carter Interests) on the ground that McFarlane was not an agent of Carter Interests and Carter Interests had no knowledge of his conduct.

The Vassbergs do not cite this Court to any authority to as to what is required to prove agency and why, according to that authority, the evidence presented raises a fact issue as to whether McFarlane was Carter Interests' agent. Citation to authorities is required in order to properly present an issue to this Court. TEX. R. APP. P. 38.1(i). Further, we "know of no authority obligating us to become advocates for a particular litigant through performing their research and developing their argument for them." *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (internal quotation omitted) (quoting *Jordan v. Jefferson County*, 153 S.W.3d 670, 676 (Tex. App.—Amarillo 2004, pet. denied). Thus, this issue is inadequately briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1(i).; *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *In the Int. of T.B.*, 641 S.W.3d 535, 540 (Tex. App.—Waco 2022, pet. denied); *Dorton v. Chase*, 262 S.W.3d 396, 400 (Tex. App.—Waco 2008, pet. denied). The Vassbergs' second issue is overruled.

## —Vicarious Liability

In Issue Three, the Vassbergs complain that the trial court erred in granting summary judgment for the individual Carter family members because, as general partners to the limited partnership, they were jointly and severally liable for the limited partnership's obligations. The disposition of this issue relies solely on a favorable disposition of the Vassbergs' second issue.[1]  Because the second issue is overruled, this third issue is overruled as well.

## —Joint and Several Liability

The Vassbergs complain in their fourth issue that the trial court erred in holding Vassberg and Kallion jointly and severally liable to HPRCC because HPRCC failed to conclusively establish that type of liability.  Specifically, the Vassbergs contend HPRCC did not conclusively establish that the Vassbergs are jointly and severally liable based on the alter ego theory *or* on Kallion's status as a third-party intended beneficiary.  In other words, because HPRCC did not establish *either* an alter ego theory *or* that Kallion was a third-party beneficiary, joint and several liability cannot be ordered.

HPRCC claimed in its motion for final summary judgment that the summary judgment evidence conclusively proved Vassberg and Kallion were the same and thus, were jointly and severally liable for the indebtedness to HPRCC.   In the alternative, HPRCC contended the Vassbergs judicially admitted Kallion was a third-party intended beneficiary.

---

[1] "If Carter Interests is liable to [the Vassbergs], so too are the general partners—the Carter Family."

As a general rule, the benefits and burdens of a contract belong solely to the contracting parties, and "no person can sue upon a contract except he be a party to or in privity with it." *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017) (quoting *House v. Hous. Waterworks Co.*, 88 Tex. 233, 31 S.W. 179, 179 (Tex. 1895)). An exception to this general rule permits a person who is not a party to the contract to sue for damages caused by its breach if the person qualifies as a third-party beneficiary. *Id.*

A judicial admission is a formal act of waiver of proof usually found in pleadings or the stipulations of the parties. *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980). It is conclusive upon the party making it, and it relieves the opposing party's burden of proving the admitted fact and bars the admitting party from disputing it. *Id.*

Kallion was added as a plaintiff in the Vassbergs' "First Amended Original Petition & Request for Disclosures and Demand for Jury Trial." In that petition, the Vassbergs referred to themselves as "Plaintiffs" in the petition and asserted the "Plaintiffs" leased the premises, leased the premises for the benefit of the plaintiffs, and were long-time tenants of "the Defendants." They also asserted the lease agreement was between "Plaintiffs" and "Defendants" and that "Plaintiffs" and "Defendants" entered into the lease with HPRCC. The Vassbergs, as "Plaintiffs" also specifically requested attorney's fees. Further, Kallion specifically asserted in its claims for damages that "it was a third-party intended beneficiary of the Lease and hereby makes a claim as a third-party intended beneficiary against all Defendants." Kallion also admitted that rent was paid to HPRCC "on checks drawn from accounts owned by" Kallion.

After reviewing the entirety of the Vassbergs' "First Amended Original Petition & Request for Disclosures and Demand for Jury Trial," we find the trial court could properly conclude the Vassbergs judicially admitted Kallion was a third-party intended beneficiary. Thus, they are barred from disputing Kallion's third-party-intended-beneficiary status in the trial court and on appeal.

In this issue, the Vassbergs' criticism with the imposition of joint and several liability rests on their assertion that HPRCC did not prove Kallion was a third party beneficiary. They did not assert that joint and several liability cannot be imposed on a third-party beneficiary. Because the Vassbergs judicially admitted Kallion is a third-party beneficiary, HPRCC had no burden to prove, and the Vassbergs are barred from disputing, Kallion's status as a third-party beneficiary. Thus, the Vassbergs' fourth issue is overruled.[2]

— **ATTORNEY'S FEES**

Lastly, the Vassbergs complain in their fifth issue that the award of attorney's fees to HPRCC must be vacated because the terms and conditions of the award are not clearly discernable, the award is excessive, and HPRCC failed to segregate its claims.

As to the complaint that the award of attorney's fees must be vacated because the terms and conditions of the award are not clearly discernable, the Vassbergs present nothing to inform us as to what the terms and conditions should be or are required to be. They only present what was ordered and assert that the terms and conditions are not

---

[2] We need not discuss whether HPRCC established the alter ego doctrine because the Vassbergs complain that either third party beneficiary was not established or alter ego was not established—not both.

typical and are conflicting and confusing. Again, we "know of no authority obligating us to become advocates for a particular litigant through performing their research and developing their argument for them." *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (internal quotation omitted) (quoting *Jordan v. Jefferson County*, 153 S.W.3d 670, 676 (Tex. App.—Amarillo 2004, pet. denied)). Thus, this part of Issue Five is inadequately briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1(i).; *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing); *In the Int. of T.B.*, 641 S.W.3d 535, 540 (Tex. App.—Waco 2022, pet. denied); *Dorton v. Chase*, 262 S.W.3d 396, 400 (Tex. App.—Waco 2008, pet. denied).

The Vassbergs also claim the attorney's fee award is excessive. However, they fail to present any argument or authority to support that claim. The word "excessive" is mentioned three times in the issue but is not connected to any separate argument or authority other than the claim for failure to segregate. Accordingly, if excessiveness is a separate complaint, it is inadequately briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1(i).; *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *In the Int. of T.B.*, 641 S.W.3d 535, 540 (Tex. App.—Waco 2022, pet. denied); *Dorton v. Chase*, 262 S.W.3d 396, 400 (Tex. App.—Waco 2008, pet. denied).

Finally, the Vassbergs complain that HPRCC failed to segregate its attorney's fees claims. This complaint was not raised before the trial court, despite Vassbergs' assertion

otherwise.[3]  Accordingly, this particular complaint is not preserved and is waived.  *See*

Tex. R. App. P. 33.1; *THF Hous. Mgmt. Corp. v. Gideon*, 617 S.W.3d 624, 632 (Tex. App.—

Amarillo 2021, no pet.) (overruling appellant's complaint about Gideon's entitlement to

attorney's fees because it was not first presented to the trial court).  Issue Five is overruled.

**CONCLUSION**

Having overruled each issue on appeal, we affirm the trial court's "Final Summary

Judgment."

TOM GRAY
Chief Justice

Before Chief Justice Gray,
       Justice Johnson, and
       Justice Jim R. Wright[4]
Affirmed
Opinion delivered and filed October 12, 2023
[CV06]



---

[3] The Vassbergs also assert in their brief that they "challenged" the sufficiency of the evidence to support HPRCC's request for attorney's fees in their motion for new trial.  The only citation to the record for this alleged challenge is to the last page of their motion for new trial.  No such claim was made on that page or any page of the Vassberg's motion for new trial, and no challenge to the sufficiency of the evidence to support the attorney's fees award has been made on appeal.  Although the terms "reasonable and necessary" were used in the brief, the only complaint on appeal is that the fees were not segregated.  And that complaint was not brought before the trial court.

[4] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* Tex. Gov't Code §§ 74.003, 75.002, 75.003.