

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00114-CV
_____

BERTHA MANJARREZ REYNOSA, APPELLANT

V.

KEVIN HERNANDEZ AND DAVID YBARRA, APPELLEES

On Appeal from the 408th District Court[1]
Bexar County, Texas
Trial Court No. 2020CI12804, Honorable Cynthia Chapa, Presiding

March 4, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

In this personal injury case involving an auto accident, Appellant, Bertha Manjarrez Reynosa concedes liability, and brings this appeal only to challenge the factual sufficiency of the evidence supporting the physical impairment damages[2] awarded by the trial court

---

[1] This appeal was originally filed in the Fourth Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] Appellant summarizes her argument accordingly: "Appellant is entitled to a new trial because there was factually insufficient evidence to support the jury's awards of: $2,500 each to Appellee Hernandez and Appellee Ybarra for past physical impairment; and $10,000 to Appellee Hernandez and $20,000 to

consistent with the jury's verdict in favor of Appellees, Kevin Hernandez and David Ybarra.  We overrule Reynosa's two issues and affirm the trial court's judgment.

## Factual Background

In August 2019, Reynosa negligently operated a motor vehicle, colliding with a vehicle occupied by Hernandez and Ybarra.[3]  The sole issue at trial pertained to the amount of damages, if any, to be awarded to each plaintiff.

The court's jury charge did not define the term "physical impairment" or any of the other categories of damages to be considered by the jury.  No definition was requested by the parties, nor was any related objection made.  The charge instructed the jury not to award damages on any category if it had otherwise done so for the same loss.  The damages issue contained five categories of damages for each plaintiff, which the jury answered as follows:

| | |
|---|---|
| **To Hernandez:** | |
| Physical pain sustained in the past | $2,500 |
| Physical pain that, in reasonable probability, Kevin Hernandez, Individually, will sustain in the future | $10,000 |
| Physical impairment sustained in the past | $2,500 |
| Physical impairment that, in reasonable probability, Kevin Hernandez[] will sustain in the future | $10,000 |
| Medical care expenses incurred in the past | $18,557.70 |
| **To Ybarra:** | |
| Physical pain sustained in the past | $5,000 |

---

Appellee Ybarra for future physical impairment."  Alternatively, Appellant requests the Court to suggest a remittitur of past and future personal impairment damages.

[3] Reynosa's liability for the accident was not contested at trial.

| | |
|---|---|
| Physical pain that, in reasonable probability, David Ybarra, Individually, will sustain in the future | $20,000 |
| Physical impairment sustained in the past | $2,500 |
| Physical impairment that, in reasonable probability, David Ybarra[] will sustain in the future | $20,000 |
| Medical care expenses incurred in the past | $17,012.70 |

The verdict was 10-2 for each plaintiff. The trial court rendered judgment in conformity with the jury's verdict, plus pre-judgment interest, post-judgment interest, and court costs. By written order, the trial court denied Reynosa's motion for JNOV and motion for new trial or remittitur. This appeal followed.

**Analysis**

Twenty years ago, the Supreme Court of Texas, in *Golden Eagle Archery, Inc. v. Jackson*,[4] provided instruction for how to handle the legal question now presented: in a personal injury case, when some of the categories of damages submitted in the charge to the jury are not defined and therefore are "not cleanly and clearly segregated from one another, how should the court of appeals review the factual sufficiency of the evidence supporting the jury's award for physical impairment?"

*Jackson* involved a situation in which a plaintiff brought suit against Golden Eagle after a compound hunting bow "went out of control, and the metal rod that separated the bow string from the cables struck" the plaintiff in the eye, causing some loss of vision, broken bones, and other injuries. 116 S.W.3d at 760. The jury found Golden Eagle liable for failing to give adequate warnings of the bow's danger. In response to the charge's

---

[4] 116 S.W.3d 757, 770 (Tex. 2003).

single damages question that allowed the jury to award six items of damages, the jury awarded compensation to Jackson for five,[5] but awarded nothing for "physical impairment other than the loss of vision." Jackson challenged the jury's take-nothing verdict for the non-vision related physical impairment. The Supreme Court accepted review; it provided three instructions that guide this case:

First, when the term "impairment" is not defined in the jury's charge or requested by the parties, it is important to remember that juries might allocate compensation for the plaintiff's injuries as different items of damages depending on their understanding of the term. *Id.* at 773. The court observed an "overlap" or "a logical nexus between loss of enjoyment of life and each of the categories of non-economic damages recognized in Texas—pain, suffering, mental anguish, disfigurement, and physical impairment." *Id.* at 769. In other words, the absence of a definition of impairment in the charge means the jury is generally permitted "to make its own determination of how to categorize and compensate the losses suffered by Jackson." *Id.* at 770.[6]

Second, when an intermediate appellate court reviews evidence of damages for factual sufficiency, it should begin by considering evidence that is unique to a particular item of damages. *Id.* at 773.[7] If that portion of the jury's award is not against the great

---

[5] The damages awarded were for medical care ($25,393.10), physical pain and mental anguish ($2,500), physical impairment of loss of vision ($2,500), disfigurement ($1,500), and loss of earnings in the past ($1,500). *Id.* at 760.

[6] If physical impairment is defined for the jury, it should instruct jurors "that the effect of any physical impairment must be substantial and extend beyond any pain, suffering, mental anguish, lost wages or diminished earning capacity and that a claimant should not be compensated more than once for the same elements of loss or injury." *Id.* at 772.

[7] When conducting this review, we must remember that "[w]hen evidence conflicts, the jury's role is to evaluate the credibility of the witnesses and reconcile any inconsistencies, and as a general proposition, the jury may believe all or any part of the testimony of any witness and disregard all or any part of the testimony of any witness." *Anderson v. Durant*, 550 S.W.3d 605, 616 (Tex. 2018) (cleaned up).

weight and preponderance of the evidence unique to it, "the court's inquiry should end there." *Id.*

Third, if the support for an award remains factually insufficient after the court of appeals assesses the evidence unique to a category of damages, the court "should then consider all the overlapping evidence, together with the evidence unique to each other category to determine if the total amount awarded in the overlapping categories is factually sufficient. This takes into account all the evidence regarding damages in categories that overlap, but does not credit that evidence more than once in evaluating the amount awarded by the jury." *Id.*

**First Issue: Whether Appellees suffered compensable physical impairment**

In this appeal, Reynosa complains of factually insufficient evidence to support two of the jury's awards for each appellee: past physical impairment and future physical impairment. The gravamen of Reynosa's argument is that neither Hernandez nor Ybarra presented evidence of physical impairment apart from that which the jury would have necessarily categorized as another item of damages.[8] But, as in this case, when facing the possibility that noneconomic damages will overlap and a trial court warns jurors not to award damages twice for the same injury, the jury is afforded "substantial discretion" in deciding how to allocate its damages award. *In re Rudolph Auto.*, LLC, 674 S.W.3d 289, 305 (Tex. 2023) (discussing *Jackson*, 116 S.W.3d at 773–74). Nothing in the present

---

[8] As an example, Appellant argues evidence of future physical impairment is deficient in the following manner: "Any evidence that even remotely touches on post-accident changes to Plaintiffs' lives— e.g., that Hernandez's work causes him pain and he modifies some of his work tasks, or that taking out the trash at work and sitting for long periods cause Ybarra pain—is merely evidence of the physical pain Plaintiffs have suffered."

5

case justifies substituting the jury's substantial discretion with our own recategorization of the evidence.

A party attacking the factual sufficiency of the evidence supporting a finding on which the party did not have the burden of proof must demonstrate there is insufficient evidence to support the adverse finding. *In re Marriage of Thrash,* 605 S.W.3d 224, 230 (Tex. App.—San Antonio 2020, pet. denied). A reviewing appellate court considers all the evidence, but will not reverse the judgment unless the evidence supporting the factfinder's finding is so weak as to render the finding clearly wrong and manifestly unjust. *Id.* (cleaned up). The Fort Worth Court of Appeals has made this notable observation:

> Factual-sufficiency review, in general, is highly deferential to the jury's findings and is one that gives appellate courts few specific guideposts to follow. [The appellate court's] path is even less certain when reviewing the factual sufficiency of nonpecuniary damages, such as physical pain, mental anguish, and physical impairment.

*Gordon v. Redelsperger,* No. 02-17-00461-CV, 2019 Tex. App. LEXIS 1121, at *40 (Tex. App.—Fort Worth Feb. 14, 2019, no pet.) (mem. op.)*, supplemented by* 2019 Tex. App. LEXIS 1783 (Tex. App.—Fort Worth Mar. 7, 2019, no pet.) (supp. mem. op. on remittitur).

As was the case in *Jackson*, the jury charge in this case did not define the term "physical impairment."[9] When a word is not defined by the charge, jurors may use any reasonable, ordinary, or common understanding of the words used. *Dorton v. Chase,* 262 S.W.3d 396, 399 (Tex. App.—Waco 2008, pet. denied). In *Gordon*, when the charge did not define physical impairment, the Fort Worth court recognized the common meaning

---

[9] *See Jackson,* 116 S.W.3d at 772 (holding that "*if* 'physical impairment' is defined for a jury, it would be appropriate to advise the jury that it may consider as a factor loss of enjoyment of life. But the jury should be instructed that the effect of any physical impairment must be substantial and extend beyond any pain, suffering, mental anguish, lost wages or diminished earning capacity . . . ."). The jury did not receive these instructions, so we do not assess the award against this standard.

of "physical" is "of or relating to the body," while "impair" means "[T]o damage or make worse by or as if by diminishing in some material respect[.]"). 2019 Tex. App. LEXIS 1121, at *40. We are not presented with any persuasive argument why those definitions are inappropriate in this case. Moreover, we reiterate that because the jury was instructed not to award damages for any element more than once we presume it so complied. *Jackson,* 116 S.W.3d at 771.

Both Hernandez and Ybarra were treated for personal injuries by Sanford Coe, a doctor of chiropractic. In testimony concerning herniated disks found at different levels in Hernandez and Ybarra, Dr. Coe stated, "there's a disruption of the annular ring which is a permanent injury. And anytime you have that kind of injury, it weakens the disk so that in the future you're more prone to have degenerative disk."

Concerning his medical history, Hernandez testified he was struck by a truck in 2011, causing a broken femur, fractured spleen, and an unspecified head injury. Earlier in 2019, he injured his "lower tailbone" in another motor vehicle accident. Hernandez testified that some residual pain from the 2011 accident persisted, although pain from the 2019 accident had resolved before the August 2019 motor vehicle accident now before us. At the time of trial, Hernandez worked part of the time as an HVAC installer, though he was employed by a fast-food restaurant when the accident occurred. He testified of experiencing occasional lower back pain following the August 2019 accident brought on by such activities as bending over too long, lifting a heavy object, "just walking around," and sitting for too long. Hernandez testified he takes Ibuprofen for pain. He testified his back was hurting at a level of "seven or eight" on a pain scale of one to ten. Hernandez

7

answered affirmatively with the characterization that "everything but the low back [has] resolved."

Ybarra was employed in the food service industry at the time of trial and the accident. He described suffering upper and lower back pain after the accident but acknowledged on cross-examination that the upper back pain had resolved. Ybarra testified that he experienced pain on a daily basis; it came on when he engaged in work activities such as taking out trash, sweeping, mopping, and picking things up. On a scale of one to ten, Ybarra rated his pain as "five or six." He testified he finds relief by altering his work style and trying not to push himself too hard.

Dr. Coe testified that both Ybarra and Hernandez have a permanent back injury. Hernandez experiences occasional lower back pain upon prolonged bending, lifting a heavy object, walking, and sitting for extended periods. Three years after the accident Ybarra was still experiencing lower back pain on a daily basis. Work activities such as sweeping, mopping, and picking up items trigger the pain. At the time of trial, he was unable to sit for extended periods without having to self-adjust because of lower back pain. For time both prior to and after trial, the jury was entitled to believe that the physical bodies of Ybarra and Hernandez were diminished in quantity, value, excellence, or strength because of the accident of August 2019.

We conclude that based on the charge and the evidence, factually sufficient evidence supports the jury's award of damages for physical impairment. While the jury was prohibited from awarding a double recovery of non-economic damages, the submitted charge did not prohibit jurors from apportioning a dollar amount for overlapping items of damages between physical pain and physical impairment. This left the jury with

8

great discretion for how to allocate damages in light of Ybarra's testimony, for example, that at work he cannot mop without suffering pain. The jury was free to award a portion of damages for physical pain and a portion for physical impairment so long as it did not compensate twice for the same loss. We note that the jury distinguished between the plaintiffs and appears to have given careful consideration to each plaintiff's particular injury. Because factually sufficient evidence supports the jury's verdict and judgment, we overrule Reynosa's first issue.

**Second Issue: Remittitur**

By her second issue, Reynosa argues that if we find the amounts awarded for past and future physical impairment to be unsupported by factually sufficient evidence then we should suggest a "substantial remittitur" in lieu of ordering a new trial. Because we find that factually sufficient evidence supports the awards, it is unnecessary to consider Reynosa's second issue.

## Conclusion

We affirm the judgment of the trial court.

Lawrence M. Doss
Justice

9